OPINION
{¶ 1} Defendant-Appellant, Joseph A. Bailey, appeals from the judgment of conviction and sentence entered after Appellant pled guilty to one count of Robbery. A timely Notice of Appeal was filed on April 14, 2005. On July 7, 2005, counsel for Appellant filed a brief, pursuant to Andersv. California (1967), 386 U.S. 738, rehearing den. (1967), 388 U.S. 924, indicating that the within appeal was wholly frivolous and setting forth the following proposed Assignment of Error:
 {¶ 2} "THE TRIAL COURT ERRED BY ACCEPTING THE APPELLANT'S CHANGE OF PLEA AND IT WAS NOT MADE VOLUNTARILY WITH UNDERSTANDING OF THE NATURE OF THE CHARGES AND PENALTIES, WITH FULL UNDERSTANDING OF THE EFFECT OF THE PLEA AND FULL UNDERSTANDING OF THE WAIVER OF CONSTITUTIONAL RIGHTS AND VIOLATIONS OF THE OHIO CRIMINAL RULE 11."
 {¶ 3} On July 19, 2005, counsel for Appellant also filed a Motion to Withdraw and a notice wherein he certified that Appellant had been duly served with a copy of the brief and notified of his right to file a pro se brief. Although Appellant was duly notified according to said certification of his right to file a pro se brief, no such brief was filed. On July 18, 2005, Appellant filed a pro se "Motion Contra to Assigned Counsel's Motion to Withdraw".
 {¶ 4} In Anders, the United States Supreme Court held that if, after a conscientious examination of the record, a defendant's counsel concludes that the case is wholly frivolous, then he should so advise the court and request permission to withdraw. Id. at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. Id. Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that his client chooses. Id. Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 5} The procedural history regarding this case is as follows: On December 6, 2004, the Knox County Grand Jury returned an indictment against Appellant for one count of Robbery, in violation of R.C.2911.02(A)(2), a felony of the second degree; one count of Theft, in violation of R.C. 2913.02(A)(2), a felony of the fifth degree; and six counts of Criminal Damaging, in violation of R.C. 2909.06(A)(1), misdemeanors of the second degree.
 {¶ 6} On March 8, 2005, Appellant pled guilty to an amended count of Robbery, in violation of R.C. 2911.02(A)(3), a felony of the third degree, and to the remaining charges as indicted, including one count of Theft, and six counts of Criminal Damaging. Appellant's sentencing hearing was deferred pending the completion of a pre-sentence investigation.
 {¶ 7} On March 25, 2005, the trial court ordered Appellant to serve two years of incarceration for robbery, eleven months of incarceration for theft, and thirty days of incarceration for each of the criminal damaging charges. No fines were imposed. The trial court further ordered the sentences to be served concurrently.
 {¶ 8} We now turn to Appellant's potential Assignment of Error.
 I. {¶ 9} In his potential Assignment of Error, Appellant essentially argues that his plea of guilty was not knowingly, voluntarily and intelligently entered. In support, Appellant argues that he entered his plea because his counsel informed him that, pursuant to the plea agreement, he would receive a community control sanction.
 {¶ 10} Crim.R. 11 sets forth the procedure which a trial court must follow in accepting a guilty plea. Crim.R.11(C)(2) states, in pertinent part, as follows: "In felony cases, the court may refuse to accept a plea of guilty * * * and shall not accept such plea without first addressing the defendant personally, and:
 {¶ 11} "(a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.
 {¶ 12} "(b) Informing him of and determining that he understands the effect of his plea of guilty * * * and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 13} "(c) Informing him and determining that he understands that by his plea, he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself."
 {¶ 14} If the record indicates that the trial court substantially complied with the above requirements of Crim.R. 11, the plea will not be set aside. State v. Ballard (1981), 66 Ohio St.2d 473, 423 N.E.2d 115.
 {¶ 15} Sentencing is within the sound discretion of the trial court.State v. Mathews (1982), 8 Ohio App.3d 145, 456 N.E.2d 539. The trial court is not bound by a recommendation proffered by the State. State v.Kitzler, Wyandot App. No. 16-02-06, 2002-Ohio-5253; Akron v. Ragsdale
(1978), 61 Ohio App.2d 107, 109, 399 N.E.2d 119. In fact, Crim.R. 11 "does not contemplate that punishment will be a subject of plea bargaining, this being a matter either determined expressly by statute or lying with the sound discretion of the trial court." State v. Mathews
(1982), 8 Ohio App.3d 145, 146, 8 OBR 202, 456 N.E.2d 539. As this court stated in State v. Hutchison (Oct. 30, 2001), Tuscarawas App. No. 2001AP030020, at 8, 2001 WL 1356356:
 {¶ 16} "Philosophically, a trial court is not bound by a plea agreement unless there has been active participation by the trial court in the agreement. Such participation was not present sub judice. If we accept appellant's argument, we would be abrogating the constitutional right of the trial court to determine the appropriate sentence. It would abrogate the separation of powers doctrine if the state was permitted to force a particular sentence upon a trial court."
 {¶ 17} Therefore, a trial court does not err by imposing a sentence greater than a sentence recommended by the State when the trial court forewarns the defendant of the range of penalties which may be imposed upon conviction. State v. Buchanan, 154 Ohio App.3d 250, 2003-Ohio-4772,796 N.E.2d 1003.
 {¶ 18} In this case, prior to accepting Appellant's guilty plea, the trial court explained to the Appellant that by entering a guilty plea, he would be waiving his Fifth Amendment privilege against self-incrimination; the right to a trial by jury; the right to confront his accusers; the right to compulsory process of witnesses; and, the right to be proven guilty beyond a reasonable doubt. The trial court also fully apprised Appellant of the nature of the offenses; the range of minimum and maximum penalties and the fines provided for each offense by law; the possibility of the imposition of post-release control; and, the potential consequences for a violation of post-release control. The trial court also inquired whether Appellant had been threatened or promised anything in exchange for his plea.
 {¶ 19} Throughout the Crim.R. 11 plea colloquy, Appellant indicated that he waived his rights, understood the nature of the charges against him, the range of penalties, and that his plea had not been induced by promise or threat. Appellant also reviewed and executed a written plea form, which was filed and made a part of the record.
 {¶ 20} At the sentencing hearing, the State indicated that it recommended a sentence, pursuant to the recommendation of the pre-sentence investigation. Although the record includes a "Pretrial Negotiated Sentence Proposal", there is no other evidence as to the nature of the pre-sentence investigation recommendation, that the trial court actively engaged in the plea negotiations, or that a promise of a certain sentence had been made to Appellant prior to his plea.
 {¶ 21} An appellate court is bound by the record. In this case, the record does not support Appellant's claim that promises were made upon which he detrimentally relied. The record clearly reveals that Appellant was fully informed by the court as to the rights he was waiving and all other consequences of his guilty plea. The transcript of the plea proceedings evidences the trial court's full compliance with the requirements of Crim.R. 11. Therefore, this Court has no choice but to reject Appellant's claim.
 {¶ 22} Accordingly, after independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under Anders, grant counsel's request to withdraw, and affirm the judgment of conviction and sentence entered against Appellant by the trial court.
 {¶ 23} The judgment of the Knox County Court of Common Pleas, General Division, is affirmed.
Gwin, P.J., Hoffman, J. and Wise, J. concur.
 JUDGMENT ENTRY {¶ 24} For the reasons stated in the Memorandum-Opinion on file, the judgment of the Knox County Court of Common Pleas, General Division, is affirmed.
 {¶ 25} Attorney Mark A. Zanghi's motion to withdraw as counsel for Appellant is hereby granted.