[Cite as *State v. Montanez-Roldon*, 2016-Ohio-3062.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103509**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JOSE ANIBAL MONTANEZ-ROLDON

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-10-535911-A and CR-14-592066-A

**BEFORE:** S. Gallagher, J., McCormack, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** May 19, 2016

**ATTORNEYS FOR APPELLANT**

John P. Luskin
John P. Luskin and Associates
5252 Meadow Wood Blvd., #121
Cleveland, Ohio    44124

Mary Catherine O'Neill
50 Public Square
Suite 1900
Cleveland, Ohio    44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Jeffrey Schnatter
Assistant Prosecuting Attorney
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio    44113

SEAN C. GALLAGHER, J.:

**{¶1}** Jose Anibal Montanez-Roldon appeals his 11.5- and 4-year sentences, separately imposed in two cases, Cuyahoga C.P. No. CR-14-592066-A ("involuntary manslaughter case") and Cuyahoga C.P. No. CR-10-535911-A ("community control violation case"). For the following reasons, we affirm both convictions, but remand the community control violation case for the limited purpose of deleting any reference to consecutive service through the issuance of a nunc pro tunc final sentencing entry.

**{¶2}** This sentencing appeal actually implicates three case numbers, the two cases noted above and Cuyahoga C.P. No. CR-14-591513-A. The prison term in the community control violation case was imposed consecutive to the prison term in case No. CR-591513. Both parties, however, approached the appeal under the presumption that the trial court intended to impose the 4-year sentence in the community control violation case consecutive to the 11.5-year one from the involuntary manslaughter case, to arrive at a 15.5-year aggregate sentence upon the two new cases. From discussions had at oral argument, it became evident the belief in part stems from the Ohio Department of Rehabilitation and Correction's interpretation of the final sentencing entries.

**{¶3}** We cannot reach the same conclusion based on our review of the transcript and the final entry of conviction in the community control violation case. The problem with the parties' assumption stems from the fact that the indictment in case No. CR-591513 was dismissed by the state without prejudice in April 2015, over four months

before the sentencing hearing for the cases at issue. The parties indicated, at oral argument, that case No. CR-591513 arose from the same facts and allegations as indicted in the involuntary manslaughter case. Case No. CR-591513, however, is only relevant to the extent that no prison term was imposed in that case, a fact readily discernable from the public docket and the parties' representation at oral argument.

{¶4} In the community control violation case, the trial court imposed the 4-year term of imprisonment to be served consecutively to the non-existent sentence imposed in case No. CR-591513. We acknowledge the relationship between the involuntary manslaughter case and the dismissed case No. CR-591513; however, we are bound by the record as presented. Whatever was the trial court's intention with respect to the aggregate sentence, it must be set aside. The fact remains that no prison sentence was imposed in case No. CR-591513 to delay commencement of Montanez-Roldon's service of the 4-year prison term imposed in the community control violation case. No one appealed the trial court's decision to impose the sentence from the community control sanctions case consecutive to the dismissed case, case No. CR-591513.

{¶5} Furthermore, because the final sentencing entry matched the oral pronouncement at the sentencing hearing, the trial court lacks authority to impose a 15.5-year aggregate prison sentence even if originally intended. *See State v. Waltz*, 2014-Ohio-2474, 14 N.E.3d 429, ¶ 28 (12th Dist.) (a trial court lacks authority to correct final entry to reflect the court's intention of imposing a five-year term of community control, when the trial court at the hearing and in the final entry imposed a one-year

term); *State v. Jama*, 189 Ohio App.3d 687, 2010-Ohio-4739, 939 N.E.2d 1309, ¶ 15 (10th Dist.). A trial court speaks through its journal. *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, 863 N.E.2d 1024, ¶ 47, citing *Kaine v. Marion Prison Warden*, 88 Ohio St.3d 454, 455, 2000-Ohio-381, 727 N.E.2d 907. The sentence imposed in case No. CR-535911 was imposed at both the sentencing hearing and, most importantly, in the final entry of conviction. We, therefore, cannot consider the final sentencing entry to be the product of a clerical mistake in effectuating that which was said at the sentencing hearing. "A defendant is entitled to know his sentence at the sentencing hearing." *State v. Santiago*, 8th Dist. Cuyahoga No. 101640, 2015-Ohio-1824, ¶ 19, citing Crim.R. 43; *State v. Quinones*, 8th Dist. Cuyahoga No. 89221, 2007-Ohio-6077, ¶ 5. That was accomplished, and the decision is then final.

{¶6} The resulting sentence in the community control sanction case must be corrected upon remand. Because the correction will reflect what actually occurred, the correction shall be accomplished through the issuance of a nunc pro tunc entry deleting any reference to consecutive sentencing in the community control violation case. Such a reference is unnecessary, in light of the foregoing discussion, and is demonstrably creating confusion. It is important to note that we are not reversing that conviction. We are merely articulating the only possible interpretation of an unambiguous sentencing entry.

{¶7} Upon on our review of the record, Montanez-Roldon's 4-year prison sentence immediately commenced and is to be served concurrent to the 11.5-year sentence imposed

in the involuntary manslaughter case by operation of law.  R.C. 2941.25.  Having said that, we must address the arguments raised in the current appeal in accordance with our review of the record.

{¶8} In the community control violation case, Montanez-Roldon was sentenced to a 4-year term of imprisonment after he was found to have violated the terms of his community control sanctions for the sixth time in four years.  Montanez-Roldon was aware, based on the five previous violations and the court's reminder after each violation, that the trial court would sentence him to a 4-year term of imprisonment for any future violation.  Montanez-Roldon is not challenging the violation or the 4-year length of that individual sentence on appeal.  Accordingly, we otherwise affirm Montanez-Roldon's conviction in that case, subject to the limited remand.

{¶9} In the involuntary manslaughter case, Montanez-Roldon pleaded guilty to involuntary manslaughter based on his providing the victim with tainted drugs leading to the victim's death, corrupting another with drugs, and trafficking.  The trial court imposed prison terms of 10, 8, and 1.5 years, respectively.  The trafficking sentence is to be consecutively served to the concurrently imposed manslaughter and corrupting-another-with-drugs sentences, for an aggregate prison term of 11.5 years.  The trial court undisputedly made the consecutive sentencing findings pursuant to R.C. 2929.14(C)(4) for the purpose of running the 1.5-year sentence consecutive to the 10-year sentence.  No objection to so serving that portion of the sentence has been advanced.

**{¶10}** Montanez-Roldon's sole assignment of error challenges a chimerical 15.5-year sentence as being inconsistent with that of other offenders charged with the same crime. As already mentioned, the presumption underlying that argument is incorrect. Irrespective of the erroneous presumption, we cannot review the assigned error as presented for a more basic reason. R.C. 2953.08 precludes our review of a sentence unless the appellant advances a claim that the sentence is contrary to law.[1] R.C. 2953.08(A)(4); *State v. Marcum*, Slip Opinion No. 2016-Ohio-1002, ¶ 8.

**{¶11}** A sentence is contrary to law if "(1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12." *State v. Price*, 8th Dist. Cuyahoga No. 103023, 2016-Ohio-591, ¶ 12; *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 10, citing *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶ 13. In this case, the trial court specifically indicated that it considered all the required factors of law, necessarily including any consistency issues pursuant to R.C. 2929.11(B), during the sentencing hearing and again in the final sentencing entry. Further, Montanez-Roldon was sentenced to 10 years on the first-degree felony manslaughter count, 8 years on the second-degree corrupting-another-with-drugs count, and 1.5 years on the fourth-degree

---

[1]A defendant also has the right to appeal any sentence consisting of the maximum term allowed for an offense, any prison sentence imposed for a fourth- or fifth-degree felony in certain situations, a sentence stemming from certain violent sex offenses, or any sentence that included an additional prison term imposed pursuant to R.C. 2929.14(B)(2)(a). R.C. 2953.08(A). None of those provisions apply to the current case.

trafficking count. All the sentences were within the applicable sentencing range, and the consecutive service of those sentences was based on the proper findings. R.C. 2929.14. Montanez-Roldon has not argued and, therefore, we cannot conclude that his sentence was contrary to law. Montanez-Roldon's sentence is unreviewable. *Marcum*; R.C. 2953.08(G).

{¶12} We note, although purely academic in light of our above conclusion, that Montanez-Roldon's claim that his individual sentences are inconsistent with similarly situated offenders is misplaced for another, more profound reason. He did not proffer any evidence on the record at his sentencing from which to derive an appellate argument that the sentence was inconsistent with similarly situated offenders. For the first time on appeal, Montanez-Roldon cites three trial court cases allegedly proving his sentence was too long. Even if those cases had been brought before the trial court, however, there are a myriad of factors pursuant to R.C. 2929.11 and 2929.12 that inform the trial court's imposition of the final sentence. Both statutory sections merely require a trial court to consider certain principles. A trial court is well within its discretion to consider the fact that some offenders receive shorter sentences before it imposes lengthier sentences on others. Further, simply providing three final sentences involving similarly charged individuals does not demonstrate that the offenders themselves were similarly situated for the purpose of R.C. 2929.11(B). It only demonstrates that the offenders were similarly charged. In order to even preserve an argument for appellate review under the *Marcum* and R.C. 2953.08 standard of review, the defendant must begin by creating a record.

{¶13} We do acknowledge that Montanez-Roldon attempted to create a record by cursorily mentioning his alleged codefendants' sentences as evidence of inconsistent sentences. Referring to the other individuals as codefendants may be generous based on the record before us. The sole mention of other individuals in the sentencing transcript refers to them as being present when Montanez-Roldon provided the tainted drugs to the decedent. Nothing supports the claim that they are similarly situated (six-time community control violators whose newest crime killed another person) or even charged with the same crimes as to be considered similarly situated offenders.

{¶14} A consistency-in-sentencing determination, along with all sentencing determinations pursuant to R.C. 2929.11 and 2929.12, is a fact-intensive inquiry that does not lend itself to being initially reviewed at the appellate level. At the least, any review must begin with the defendant producing a record for the trial court's consideration before the final sentence is imposed. As courts have long concluded, a "defendant must raise [the consistency-in-sentencing] issue before the trial court *and* present some evidence, however minimal, in order to provide a starting point for analysis and to preserve the issue for appeal." (Emphasis added.) *State v. Spock*, 8th Dist. Cuyahoga No. 99950, 2014-Ohio-606, ¶ 37, citing *State v. Lang*, 8th Dist. Cuyahoga No. 92099, 2010-Ohio-433; *State v. Picha*, 8th Dist. Cuyahoga No. 102506, 2015-Ohio-4380, ¶ 9. Without evidence provided on the record at sentencing upon which to base an R.C. 2929.11(B) argument on appeal, and without any other arguments for us to consider for

the purpose of declaring Montanez-Roldon's sentence contrary to law, we cannot review his final sentence as being contrary to law pursuant to R.C. 2953.08(A)(4).

{¶15} Montanez-Roldon's convictions are affirmed; case remanded for nunc pro tunc correction of the final sentencing order in Cuyahoga C.P. No. CR-10-535911-A.

It is ordered that appellee recover from appellant costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

TIM McCORMACK, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR