ABELE, J.
{¶ 1} This is an appeal from an Adams County Common Pleas Court judgment of conviction and sentence. A jury found Aaron M. Taylor, defendant below and appellant herein, guilty of possession of heroin, in violation of R.C. 2925.11(A). Appellant assigns the following errors for review:
FIRST ASSIGNMENT OF ERROR:
*4 "THE COURT COMMITTED REVERSIBLE ERROR IN DENYING THE DEFENDANT'S REQUEST TO PLEAD GUILTY AS CHARGED."
SECOND ASSIGNMENT OF ERROR:
"THE COURT COMMITTED REVERSIBLE ERROR IN SENTENCING DEFENDANT TO A HARSHER SENTENCE DUE TO A JURY TRIAL."
{¶ 2} On June 5, 2015, an Ohio State Highway Patrol Trooper conducted a routine traffic stop of appellant's vehicle. During the stop, the trooper saw marijuana inside the vehicle. A subsequent search uncovered heroin in the vehicle and on appellant's person.
{¶ 3} Subsequently, an Adams County grand jury returned an indictment that charged appellant with possession of heroin, in violation of R.C. 2925.11(A). Appellant entered a not guilty plea and the trial court set the case for a jury trial.
{¶ 4} Immediately before the trial began, appellant's counsel informed the court that appellant wished to plead guilty. The court responded:
No, we are done with those days where we wait until the last minute and we inconvenience 80 people or 100 people. He wanted a trial, he'll get a trial, but I am not going to, this is not going to be happening in this court any more where for some reason I think there was some late evidence on Friday, discovery since December 1st, we have had multiple hearings, so I don't know, it will be an interesting appealable issue.
Appellant's counsel clarified that he did not receive the "late evidence" that the court mentioned until 3:00 pm on the last business day (Friday) before the date the trial was set to begin (Monday). Appellant's counsel stated that "if we had had [the evidence] brought to us earlier it might have been a different story." The court nevertheless denied appellant's request to plead guilty. The court did, however, grant appellant's request to prohibit the state from introducing the late evidence.[1] After hearing the evidence, the jury found appellant guilty as charged.
{¶ 5} At the sentencing hearing, the trial court considered appellant's criminal history. The court noted that appellant (1) had been convicted of obstructing official business, and (2) had multiple traffic violations (i.e., speeding and seat belt violations, failure to control, failure to maintain an assured clear distance). The court further observed that in 2012, appellant was charged with operating a vehicle while intoxicated and involuntary manslaughter, but due to a technicality (appellant's blood test apparently was misplaced), the case was dismissed with prejudice. Appellant admitted that he was on Methadone at the time of the accident that resulted in the involuntary manslaughter charge and that he continues to use Methadone to treat his addiction.
{¶ 6} With respect to appellant's current possession of heroin offense, the trial court determined that appellant did not display any remorse. The court also noted that the excluded videotape evidence shows appellant snorting heroin in the back seat of the police cruiser. The judge further pointed out that appellant knew exactly what happened and that the evidence on the videotape should not have been a surprise. The court thus discounted appellant's claim that he could not have made an informed decision whether to plead guilty without the earlier disclosure of the videotape. The court noted that appellant knew exactly what happened, yet decided to proceed to trial and inconvenience jurors-some "80 people."
{¶ 7} The trial court additionally expressed its displeasure with the sentencing *5 provisions contained in House Bill 86. The judge informed appellant: "I think you should go to prison. I think it should be for the maximum, and I think you should get your automatic appellate rights and see what they do." The court continued:
Mr. Taylor, you are a master manipulator, I see them all the time in here. But I see few as good as you. You are oblivious, you are self-serving. In order to protect the public from future crimes by you for awhile, and without the ability to send you to prison, to maybe shock your conscience, nothing has ever shocked your conscience. You're in jail for six months, we have a dead man, his family is grieving, and you're lit up on State Route 32 with heroine [sic] and syringes and doing heroine [sic] in the back of the patrol car.
The court thus sentenced appellant to serve four years of community control, two hundred forty hours of community service, pay a $750 fine, serve one hundred sixty days in county jail, and serve a three-year driver's license suspension. This appeal followed.
I
{¶ 8} In his first assignment of error, appellant asserts that the trial court erred by denying his request to plead guilty.
{¶ 9} Initially, we note that in general a criminal defendant does not have a constitutional right to plead guilty. State v. Jackson , 68 Ohio App.2d 35, 36, 426 N.E.2d 528 (8th Dist. 1980), citing North Carolina v. Alford , 400 U.S. 25, 38 at fn.11, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) ; accord State v. Yates , 11th Dist. Ashtabula No. 2014-A-044, 2015-Ohio-3087, 2015 WL 4610464, ¶ 37 ; State v. Raymond, Franklin App. No. 05AP-1043, 2006-Ohio-3259, 2006 WL 1750953, ¶ 10. Instead, Crim.R. 11(C)(2) states that a "court may refuse to accept a plea of guilty." Thus, the rule provides a court with discretion to determine whether to accept or to reject a guilty plea in a felony case. Raymond at ¶ 10. Accordingly, reviewing courts will not reverse a trial court's decision concerning the initial determination to accept or reject a defendant's guilty plea unless the court abused its discretion. An "abuse of discretion" means that the court acted in an " 'unreasonable, arbitrary, or unconscionable' " manner or employed " 'a view or action that no conscientious judge could honestly have taken.' " State v. Kirkland, 140 Ohio St.3d 73, 2014-Ohio-1966, 15 N.E.3d 818, ¶ 67, quoting State v. Brady, 119 Ohio St.3d 375, 2008-Ohio-4493, 894 N.E.2d 671, ¶ 23. Moreover, a trial court generally abuses its discretion when it fails to engage in a " 'sound reasoning process.' " State v. Morris, 132 Ohio St.3d 337, 2012-Ohio-2407, 972 N.E.2d 528, ¶ 14, quoting AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp., 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). Additionally, "[a]buse-of-discretion review is deferential and does not permit an appellate court to simply substitute its judgment for that of the trial court." State v. Darmond, 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 34.
{¶ 10} We further note that " '[t]he term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations.' " Huffman v. Hair Surgeon, Inc. , 19 Ohio St.3d 83, 87, 482 N.E.2d 1248, 1252 (1985), quoting State v. Jenkins (1984), 15 Ohio St.3d 164, 222, 473 N.E.2d 264. Consequently, courts have recognized " 'a distinction between the refusal to exercise discretion at all and an abuse of discretion that is, in fact, exercised.' " State v. Jones , 2013-Ohio-3559, 996 N.E.2d 569, ¶ 18 (6th Dist.), quoting *6 State v. Rice, 180 Ohio App.3d 599, 2009-Ohio-162, 906 N.E.2d 506, ¶ 22 (2d Dist.) (Donovan J., dissenting). Thus, "[a] court's 'blanket refusal' to consider an option before it is a refusal to exercise discretion and 'an abdication of judicial responsibility.' " Id. , quoting Rice at ¶ 22 (Donovan J., dissenting). Accordingly, a trial court abuses its discretion "by failing to exercise its discretion." Id. at ¶ 20.
{¶ 11} Courts have found that a trial court abuses its discretion when it fails to exercise any discretion when determining whether to accept or reject a guilty plea, and instead, applies a "blanket policy." State v. Yates , 11th Dist. Ashtabula No. 2014-A-0044, 2015-Ohio-3087, 2015 WL 4610464, ¶ 41 ; State v. Caldwell, 2013-Ohio-5017, 1 N.E.3d 858, ¶ 11 (stating that "a trial court abuses its discretion when it rejects a plea agreement by relying on a blanket policy rather than considering the facts and circumstances of the particular case"); State v. Switzer, 8th Dist. Cuyahoga No. 93533, 2010-Ohio-2473, 2010 WL 2206399, ¶ 15 (concluding that trial court abused its discretion when it employed its "unvaried policy of not accepting plea agreements on the day of trial" rather than examining the particular facts and circumstances of the case).
{¶ 12} In State v. Allen, 8th Dist. Cuyahoga No. 98394, 2013-Ohio-1656, 2013 WL 1791248, for example, the court held that the trial court abused its discretion when it adhered to a "blanket policy" that no plea negotiations would take place once a jury was impaneled, despite evidence that the defendant did not have sufficient information to make a knowing and voluntary decision regarding a guilty plea until after the jury was impaneled. Id. at ¶ 13-14 ; accord State v. Fitzgerald , 188 Ohio App.3d 701, 2010-Ohio-3721, 936 N.E.2d 585, ¶ 11 (8th Dist.) (concluding that trial court "abused its discretion when it employed its blanket policy" prohibiting pleas after a trial date had been established). In State v. Raymond, Franklin App. No. 05AP-1043, 2006-Ohio-3259, 2006 WL 1750953, the appellate court determined that the trial court abused its discretion by rejecting a plea agreement due to the court's blanket policy of not accepting "pleas from people that don't think they did anything wrong." Id. at ¶ 11. The court explained:
[T]he trial court's refusal to accept appellant's plea was an abuse of discretion, or more precisely, it was a refusal to exercise the court's discretion. The trial court arbitrarily refused to consider the facts and circumstances presented, "but instead relied on a fixed policy established at its whim." State v. Graves (Nov. 19, 1998), 10th Dist. No. 98AP-272[, 1998 WL 808356], * * * quoting [ State v. ] Carter [ (1997), 124 Ohio App.3d 423, 428, 706 N.E.2d 409 ]. The Graves court held, "[a]lthough the trial court has the discretion to refuse to accept a no-contest plea, it must exercise its discretion based on the facts and circumstances before it, not on a blanket policy that affects all defendants regardless of their circumstances." Graves, supra, at 10.
Id.
{¶ 13} In State v. Hunt, 4th Dist. Scioto No. 1536, 1985 WL 8359 (Oct. 22, 1985), this court concluded that the trial court abused its discretion when the court did not cite a particular reason for rejecting a plea agreement, but instead, cited the court's "policy of refusing to accept plea agreements after the jury cards are mailed to the prospective jurors in a case." Id. at *3.
{¶ 14} In the case at bar, the foregoing authorities suggest that the trial court abused its discretion by refusing to accept appellant's guilty plea based solely upon the fact that a jury had been summoned.
*7 The trial court did not appear to evaluate the facts and circumstances of appellant's circumstances, but instead, cited its policy of not accepting a guilty plea on the morning that the trial was scheduled to begin. However, we do not believe that the trial court's failure to exercise its discretion necessitates a reversal in the case sub judice. Rather, we believe that the trial court's error constitutes harmless error that we must disregard.
{¶ 15} Crim.R. 52(A) states that reviewing courts must disregard "[a]ny error, defect, irregularity, or variance which does not affect substantial rights." In general, an error affects "substantial rights" when the error is prejudicial. State v. Arnold , 147 Ohio St.3d 138, 2016-Ohio-1595, 62 N.E.3d 153, ¶ 50 ; State v. Morris , 141 Ohio St.3d 399, 2014-Ohio-5052, 24 N.E.3d 1153, ¶ 23 ; State v. Fisher, 99 Ohio St.3d 127, 2003-Ohio-2761, 789 N.E.2d 222, ¶ 7. An error is prejudicial if there is a reasonable probability that it affected the outcome of the judicial proceedings. Fisher at ¶ 7 ; United States v. Marcus , 560 U.S. 258, 262, 130 S.Ct. 2159, 176 L.Ed.2d 1012 (2010).
{¶ 16} In the case sub judice, we do not believe that the trial court's error in failing to exercise its discretion when reviewing appellant's request to plead guilty affected the outcome of the proceedings. First, had the trial court exercised its discretion instead of relying upon a fixed policy, we cannot state that the court would have determined to accept appellant's guilty plea. Second, even if the court should have exercised its discretion and accepted appellant's guilty plea, the court would have found him guilty of the same offense as the jury. Appellant would have had the same finding of guilt whether he was found guilty after a jury trial or after the court accepted his plea: appellant would have been found guilty of possession of heroin. Thus, the trial court's failure to exercise its discretion did not affect the outcome of appellant's finding of guilt. Therefore, the error is not prejudicial error, but instead, constitutes harmless error.
{¶ 17} Appellant nevertheless claims that the court's failure to exercise its discretion and failure to allow him to plead guilty increased the amount of his court costs and caused the court to impose a harsher sentence than it would have imposed if appellant had entered a guilty plea at an earlier stage of the proceedings. We note, however, that the record does not contain any evidence documenting the amount of court costs charged to appellant or the amount that would have been charged if the court had accepted his guilty plea. Moreover, we find it uncertain whether any difference that might exist between the two figures would affect "substantial rights." Furthermore, appellant does not argue that the court would not have ordered him to pay any court costs, if it had accepted his guilty plea.
{¶ 18} Appellant also claims that if the court had accepted his plea, he would have received a less severe sentence. Thus, he contends that the sentence that the court imposed acts as punishment for his delayed request to plead guilty and the ensuing jury trial. We discuss this second assertion within appellant's second assignment of error.
{¶ 19} Accordingly, based upon the foregoing reasons, we overrule appellant's assignment of error.
II
{¶ 20} In his second assignment of error, appellant asserts that the trial court's sentence is contrary to law. In particular, appellant contends that the court imposed a harsher sentence as punishment for appellant's failure to plead guilty before *8 a jury had been summoned, and thus, reflects vindictiveness. Appellant claims that the trial court would have imposed a less severe sentence if the court had accepted appellant's guilty plea.
{¶ 21} R.C. 2953.08(G)(2) defines appellate review of felony sentences and provides, in relevant part, as follows:
The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court. The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
(b) That the sentence is otherwise contrary to law.
{¶ 22} "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." State v. Marcum , 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1. This is a deferential standard. Id. at ¶ 23. Furthermore, "appellate courts may not apply the abuse-of-discretion standard in sentencing-term challenges." Id. at ¶ 10.
"Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.' " Cross v. Ledford , 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.
Id. at ¶ 22.
It is important to understand that the "clear and convincing" standard applied in R.C. 2953.08(G)(2) is not discretionary. In fact, R.C. 2953.08(G)(2) makes it clear that "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." As a practical consideration, this means that appellate courts are prohibited from substituting their judgment for that of the trial judge.
It is also important to understand that the clear and convincing standard used by R.C. 2953.08(G)(2) is written in the negative. It does not say that the trial judge must have clear and convincing evidence to support its findings. Instead, it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings. In other words, the restriction is on the appellate court, not the trial judge. This is an extremely deferential standard of review.
State v. Venes, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 20-21.
{¶ 23} "[A] sentence vindictively imposed on a defendant for exercising his constitutional right to a jury trial is contrary to law."
*9 State v. Rahab , 150 Ohio St.3d 152, 2017-Ohio-1401, 80 N.E.3d. 431, ¶ 8, citing State v. O'Dell, 45 Ohio St.3d 140, 147, 543 N.E.2d 1220 (1989), and Bordenkircher v. Hayes, 434 U.S. 357, 363, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978) (" '[t]o punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort * * *.' "). Thus, a trial court may not act vindictively when imposing a sentence upon a defendant who chooses to maintain his not guilty plea and proceed to trial.
{¶ 24} We are uncertain whether a similar rule applies when a defendant decides on the day of trial to plead guilty, but the court rejects the plea and conducts a jury trial. Assuming, arguendo, that it does, we do not believe that the trial court in the case sub judice displayed vindictiveness when sentencing appellant.
{¶ 25} Appellate courts review vindictive-sentence claims by beginning "with the presumption that the trial court considered the appropriate sentencing criteria." Rahab at ¶ 19. Then, courts "review the entire record-the trial court's statements, the evidence adduced at trial, and the information presented during the sentencing hearing-to determine whether there is evidence of actual vindictiveness." Id. at ¶ 19. A reviewing court "will reverse the sentence only if [the court] clearly and convincingly find the sentence is contrary to law because it was imposed as a result of actual vindictiveness on the part of the trial court." Id. , citing R.C. 2953.08(G)(2) ; State v. Marcum, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.
{¶ 26} In the case at bar, we do not believe that the record clearly and convincingly shows that the trial court based its sentence on actual vindictiveness. Instead, our review of the sentencing hearing transcript reveals that the court considered a multitude of factors when it imposed appellant's sentence. The court examined appellant's criminal history and suggested that appellant has a deep-rooted substance abuse problem and indicated that he actually deserves prison time. However, the court noted that the sentencing statutes prohibit it from imposing prison time for appellant's drug possession offense and it expressed its extreme displeasure with this prohibition. While the court did mention that appellant inconvenienced jurors by failing to plead guilty at an earlier point in the proceedings, we believe that the overall context of the sentencing hearing demonstrates that the trial court was most disturbed by appellant's cavalier attitude and his past criminal charges. In sum, we find nothing in the record to indicate that the court acted vindictively when it imposed appellant's sentence, or that the court sought to punish appellant for deciding to plead guilty on the date of trial. The court may have been vehement, but it was not vindictive.
{¶ 27} Additionally, appellant cannot possibly know what sentence the trial court may have imposed if it had accepted his guilty plea on the day of trial. The record does not contain any evidence of a plea agreement between the state and appellant outlining an agreed-upon sentence or the court's indication of intent to impose a particular sentence. Thus, even if the court had accepted appellant's guilty plea, it may have imposed the precise sentence it imposed after the jury trial.
{¶ 28} Appellant also argues that the sentence the court imposed is not consistent with other sentences imposed in similar cases. He points to a prior Adams County possession of heroin case where the court sentenced the defendant to two years of community control, one hundred eighty hours of community service, and a six month license suspension. Appellant claims that this type of sentence "is the normal and customary sentence that has *10 been handed out by the trial court in recent cases."
{¶ 29} R.C. 2929.11(B) states that a felony sentence should be, inter alia, "consistent with sentences imposed for similar crimes committed by similar offenders." We recently observed that " '[a] consistency-in-sentencing determination * * * is a fact-intensive inquiry that does not lend itself to being initially reviewed at the appellate level.' " State v. Adams , 2016-Ohio-7772, 84 N.E.3d. 155, ¶ 46, quoting State v. Montanez-Roldon , 8th Dist. Cuyahoga No. 103509, 2016-Ohio-3062, 2016 WL 2941098, ¶ 14.
"[A]ny review must begin with the defendant producing a record for the trial court's consideration before the final sentence is imposed. As courts have long concluded, a 'defendant must raise [the consistency-in-sentencing] issue before the trial court and present some evidence, however minimal, in order to provide a starting point for analysis and to preserve the issue for appeal.' (Emphasis added.) State v. Spock, 8th Dist. Cuyahoga No. 99950, 2014-Ohio-606 [2014 WL 688793], ¶ 37, citing State v. Lang, 8th Dist. Cuyahoga No. 92099, 2010-Ohio-433 [2010 WL 457140] ; State v. Picha, 8th Dist. Cuyahoga No. 102506, 2015-Ohio-4380 [2015 WL 6392638], ¶ 9. Without evidence provided on the record at sentencing upon which to base an R.C. 2929.11(B) argument on appeal, and without any other arguments for us to consider for the purpose of declaring Montanez-Roldon's sentence contrary to law, we cannot review his final sentence as being contrary to law pursuant to R.C. 2953.08(A)(4)."
Id. , quoting Montanez-Roldon at ¶ 14.
{¶ 30} In the case at bar, appellant did not raise his consistency-in-sentencing argument during the trial court proceedings. As such, we reject this argument. Adams at ¶ 47 (noting that court may summarily reject consistency-in-sentencing argument when defendant fails to raise during trial court proceedings).
{¶ 31} Accordingly, based upon the foregoing reasons, we overrule appellant's second assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
Harsha, J. & Hoover, J.: Concur in Judgment & Opinion

Although the state did not proffer the evidence, the trial court later mentioned that the videotape showed appellant snorting heroin in the back of the patrol cruiser.