[Cite as *State v. Watson*, 2024-Ohio-4992.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

STATE OF OHIO,                          :

     Plaintiff-Appellee,               :          Case No. 23CA25

     v.                                :

                            :          <u>DECISION AND</u>
QUINCY WATSON,                          :          <u>JUDGMENT ENTRY</u>

     Defendant-Appellant.              :
_____

APPEARANCES:

Chris Brigdon, Thornville, Ohio, for Appellant.

Judy C. Wolford, Pickaway County Prosecutor, and Jayme Hartley Fountain, Assistant Pickaway County Prosecutor, Circleville, Ohio, for Appellee.
_____

Smith, P.J.

{¶1}  Quincy Watson, Appellant, appeals from the judgment of the Pickaway County Court of Common Pleas convicting him of one count of aggravated trafficking in drugs and one count of illegal conveyance of drugs of abuse onto the grounds of a detention facility or institution, both third-degree felony offenses.  On appeal, Watson raises a single assignment of error contending that the proportionality of his sentence was inconsistent with the principles set forth in R.C. 2929.11 and the factors to be considered under R.C. 2929.12.

However, because we find no merit to Watson's sole assignment of error, the

judgment of the trial court is affirmed.

## FACTS

{¶2}  On May 4, 2023, Watson was indicted on nine felony counts as

follows:

| Count One: | Complicity to aggravated trafficking in drugs with specification in violation of R.C. 2923.03 and 2925.03(A)(1) and (C)(1)(f), a first-degree felony; |
|---|---|
| Count Two: | Complicity to aggravated trafficking in drugs with specification in violation of R.C. 2923.03 and 2925.03(A)(2) and (C)(1)(e), a first-degree felony; |
| Count Three: | Complicity to illegal conveyance of drugs of abuse onto the grounds of a detention facility or institution in violation of R.C. 2923.03 and 2921.36(A)(2), a third-degree felony; |
| Count Four: | Engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1), a first-degree felony; |
| Count Five: | Complicity to trafficking in marihuana in violation of R.C. 2923.03 and 2925.03(A)(1) and (C)(3)(c), a fourth-degree felony; |
| Count Six: | Complicity to trafficking in marihuana in violation of R.C. 2923.03 and 2925.03(A)(2) and (C)(3)(c), a fourth-degree felony; |
| Count Seven: | Complicity to illegal conveyance of drugs of abuse onto the grounds of a detention |

facility or institution in violation of R.C.
2923.03 and 2925.03(A)(1) and (C)(1)(f), a
third-degree felony;

Count Eight:          Complicity to aggravated trafficking in
                      drugs with specification in violation of
                      2923.03 and 2925.03(A)(1) and (C)(1)(f), a
                      first-degree felony; and

Count Nine:           Complicity to aggravated trafficking in
                      drugs with specification in violation of R.C.
                      2923.03 and 2925.03(A)(2) and (C)(1)(f), a
                      first-degree felony.[1]

Watson initially entered pleas of not guilty to the charges and the matter proceeded

towards trial.

{¶3} Thereafter, Watson entered into plea negotiations with the State that

resulted in him entering guilty pleas to an amended Count Two of the indictment,

as well as Count Three of the indictment, in exchange for the dismissal of the

remaining counts of the indictment. More specifically, the trial court permitted

Count Two of the indictment to be amended to charge Watson with complicity to

aggravated trafficking in drugs in violation of R.C. 2923.03(A)(2) and

2925.03(A)(2) and (C)(1)(c), which is a third-degree felony rather than a first-

degree felony as originally charged. The trial court also permitted Count Two to

be amended to remove the major drug offender specification. Thus, Watson

---

[1] The specifications included on counts one, two, eight, and nine were major drug offender specifications as defined in R.C. 2929.01(W).

agreed to plead guilty to two third-degree felony offenses in exchange for the

dismissal of the remaining seven counts in the indictment.  Watson's plea form

notified him that the maximum prison term for each third-degree felony count was

36 months and the trial court orally advised him of the same during the change-of-

plea hearing that was held on August 2, 2023.  The trial court ordered that a pre-

sentence investigation be prepared and set the matter for sentencing at a later date.

{¶4} Watson was sentenced on October 25, 2023.  Prior to imposing

sentence, the trial court referenced its receipt and review of the pre-sentence

investigation report that had been prepared.  The report detailed the scheme in

which Watson played a role whereby several inmates and nurses at the Pickaway

Correctional Institution conspired together, in conjunction with Watson and several

other people that were not incarcerated, to illegally convey drugs into the

correctional facility.  The pre-sentence investigation report also detailed Watson's

prior conviction for involuntary manslaughter and attendant prison sentence, as

well as a long list of infractions committed while he was in prison for that offense.[2]

The trial court heard sentencing arguments by both Watson and the State.  Defense

counsel requested that Watson be sentenced to probation only, citing Watson's

limited role in the illegal conveyance scheme.  The State argued that Watson

---

[2] It appears from the record that although Watson's prior offense was committed when he was juvenile, he was charged as an adult in 1993 and was sentenced to prison.  While it is unclear exactly how long Watson was imprisoned, the list of prison infractions ranges from 2007 through 2019.

should be sentenced to concurrent 24-month prison terms on each count. The trial

court also permitted Watson to make a statement in mitigation of sentencing.

{¶5} The trial court ultimately sentenced Watson to 36-month prison terms

on each count, to be served consecutively.  Prior to imposing sentence, the

following exchange took place between the court and Watson:

| | |
|---|---|
| THE DEFENDANT: | * * * I take full responsibility, you know, on the part that I played, you know, in this situation.  Like I say, since I've been out, I've been trying to restore my life all the time I did from a juvenile, and I wish to continue to grow in his work and rebuild my life. Like I said, I take full responsibility. |
| THE COURT: | Well, you received a substantial break in this case, Mr. Watson.  As indicated by your attorney, when the State, for whatever reason, elected to reduce this from nine charges to two. |
| THE DEFENDANT: | Yes, Sir. |
| THE COURT: | So that's the consideration.  You got that from them, not me.  When I look at what was going on down here, you know, when you send people to prison you anticipate they're going to do their time and not continue to be active in crimes.  And then you get in there and start this stuff.  Not in my county. |
| THE DEFENDANT: | Yes, Sir. |

THE COURT:   You know, I didn't put those prisons in Pickaway County, but I have to deal with them.  This just goes too far.

{¶6} The court then went on to impose the sentences, stating as follows:

The court has considered the record and the presentence report as prepared as well as the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness and recidivism factors under R.C. 2929.12, and finds the appropriate sentence in this case is thirty-six months on each of these, and that they be consecutive.

{¶7} The court further made the necessary consecutive-sentencing findings, including that consecutive sentences were necessary to protect the public from future crime and to punish the offender, that consecutive sentences were not disproportionate to the seriousness of the offender's conduct and the danger he posed to the public, and that the offender's history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crime.  A sentencing entry was filed on October 27, 2023, and it is from that order that Watson filed his appeal, setting forth a single assignment of error for our review.

## ASSIGNMENT OF ERROR

I.  THE PROPORTIONALITY OF THE SENTENCE WAS INCONSISTENT WITH THE PRINCIPLES SET FORTH [SIC] O.R.C. §2929.11 AND FACTORS TO BE CONSIDRED [SIC] IN O.R.C.§2929.12.

## ASSIGNMENT OF ERROR I

{¶8} In his sole assignment of error, Watson contends that the proportionality of his sentence was inconsistent with the principles set forth in R.C. 2929.11, as well as the factors to be considered in R.C. 2929.12.  He argues that rather than considering "his sincere remorse for his actions" and his "minimal involvement in the operation," the trial court "regarded the negotiated plea itself as a mitigating element, leading to the imposition of maximum and consecutive sentences."  Watson contends that "the trial court's utilization of these factors as grounds from mitigation was inappropriate."  Watson also argues that the "stark disparity" between the State's recommended sentence of 24 months "is so significant that it elicits a sense of injustice."  Watson further argues that the sentences imposed in this case "raise significant concerns regarding its alignment with the principles outlined in relevant statutes and prior legal precedents."  Watson further essentially urges this Court to examine whether the sentences imposed upon him were consistent "with sentences for similar offenses by similar offenders."  In addition, Watson claims that "there is no indication the trial court accounted for the impact of the factors specified in R.C. 2929.12(B)-(F)."

{¶9} The State contends, on the other hand, that Watson's sentences were not contrary to law because the trial court clearly considered the R.C. 2929.11 and

2929.12 factors, the sentences were within the statutory range, and the court made the required consecutive sentence findings. The State argues that the trial court considered Watson's previous manslaughter conviction as a juvenile, the underlying facts of the case as set forth in the pre-sentence investigation, the principles and purposes of sentencing under R.C. 2929.11, as well as the seriousness and recidivism factors contained in R.C. 2929.12. The State also points out that the required findings for the imposition of consecutive sentences were made, that the trial court was not required to "give a full recitation of every factor," and that the record supports the maximum and consecutive sentences in this case.

## Standard of Review

{¶10} R.C. 2953.08 governs appeals based on felony sentencing guidelines. R.C. 2953.08(G)(2) states:

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶11} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

Legal Analysis

{¶12} As set forth above, Watson contends that the sentence imposed by the trial court was inconsistent with the principles and purposes of felony sentencing as set forth under R.C. 2929.11 and also that the trial court failed to "account" for the factors specified in R.C. 2929.12(B)-(F). While he does not argue that the trial court erred in imposing consecutive sentences, he does appear to contend that the overall length of the sentence as a whole is disproportionate to the sentences imposed on other similarly situated offenders.

{¶12} R.C. 2929.11 states:

(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public

from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

(B) A sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

\* \* \*

{¶13} R.C. 2929.12(A) states:

Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in [divisions (B) through (F)] of this section \* \* \* and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.

R.C. 2929.12(B) through (F) sets out factors for the court to consider relating to the

seriousness of the offender's conduct, the likelihood of the offender's recidivism,

and, if applicable, the offender's service in the armed forces of the United States.

{¶14} " 'Because both R.C. 2929.11 and R.C. 2929.12 require the trial court

to consider the factors outlined in those two statutory provisions, \* \* \* a trial

court's failure to consider the factors would render the sentence * * * "contrary to law." ' " *State v. Nolan*, 4th Dist. Adams No. 23CA1169, 2024-Ohio-1245, ¶ 43, quoting *State v. Poole*, 4th Dist. Adams No. 21CA1151, 2022-Ohio-2391, ¶ 17. However, " 'neither R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record.' " *Nolan* at ¶ 43, quoting *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 20.

{¶15} Watson does not argue that the trial court failed to reference R.C. 2929.11 and 2929.12 prior to imposing sentence. However, he appears to argue that the trial court failed to take into account the factors listed in R.C. 2929.12(B)-(F) and thus, he essentially argues that the record does not support the imposition of such a lengthy sentence, especially considering the State recommended a shorter sentence. He also argues that the sentences he received were disproportionate to sentences imposed on other similarly situated offenders.

{¶16} First, we must be mindful that " 'R.C. 2953.08(G)(2) does not permit an appellate court to conduct an independent review of a trial court's sentencing findings under R.C. 2929.12 or its adherence to the purposes of felony sentencing under R.C. 2929.11.' " *Nolan* at ¶ 44, quoting *State v. Bryant*, 168 Ohio St.3d 250, 2022-Ohio-1878, 198 N.E.3d 68, ¶ 21, in turn citing *Jones* at ¶ 41-42. For example, this Court reasoned in *Nolan* as follows:

> "R.C. 2953.08(G)(2) does not allow an appellate court to modify or vacate a sentence based on its view that the sentence is not

supported by the record under R.C. 2929.11 and 2929.12." *Id.* at ¶ 22, citing *Jones* at ¶ 31, 39. If we were to infer a sentence was contrary to law and vacate it merely because we did not believe the sentencing factors supported it, we would in effect be vacating a sentence based on our view that it is not supported by the record under R.C. 2929.11 and 2929.12.

*Nolan* at ¶ 44.

{¶17} Further, this Court held in *State v. Daniels* that "a trial court's statement in its sentencing entry that it considered the applicable statutory factors is sufficient to fulfill the court's obligations under R.C. 2929.11 and 2929.12. *State v. Daniels*, 4th Dist. Adams No. 22CA1157, 2023-Ohio-2043, ¶ 10, citing *State v. Young*, 4th Dist. Ross No. 22CA10, 2022-Ohio-4223, ¶ 6.

{¶18} Here, the trial court stated, both at the sentencing hearing and in the sentencing entry that it had considered the principles and purposes of felony sentencing under R.C. 2929.11 and had balanced the seriousness and recidivism factors under R.C. 2929.12. Thus, the trial court not only considered R.C. 2929.11 and 2929.12 as required but, as set forth above, it also made the requisite findings for the imposition of consecutive sentences, which Watson has not challenged on appeal. Additionally, and in light of the foregoing, we reject Watson's argument that the trial court's decision to impose a sentence longer than that recommended by the State was based upon its erroneous reliance on considerations extraneous to R.C. 2929.11 and 2929.12, namely the fact that several higher level felonies were dismissed as part of Watson's plea deal. Accordingly, after considering the totality

of the record, we cannot conclude that the sentences imposed by the trial court were clearly and convincingly contrary to law.

{¶19} Second, we also reject Watson's argument that the sentences imposed by the trial court were inconsistent and disproportionate to sentences imposed on similar offenders for similar crimes. This court recently considered a similar argument in *State v. Goff*, 2023-Ohio-4823, 232 N.E.3d 870 (4th Dist.). As observed in *Goff,* "R.C. 2929.11(B) states that a felony sentence should be 'consistent with sentences imposed for similar crimes committed by similar offenders.' " In *Goff*, we observed that consistency-in-sentencing determinations are fact-intensive inquiries that do not lend themselves to being initially reviewed at the appellate level. *See Goff* at ¶ 47, citing *State v. Taylor*, 2017-Ohio-4395, 93 N.E.3d 1 (4th Dist.), citing *State v. Adams*, 2016-Ohio-7772, 84 N.E.3d 155, ¶ 46 (4th Dist.), in turn citing *State v. Montanez-Roldon*, 8th Dist. Cuyahoga No. 103509, 2016-Ohio-3062, ¶ 14. We further observed in *Goff* as follows:

> " ' "[A]ny review must begin with the defendant producing a record for the trial court's consideration before the final sentence is imposed. As courts have long concluded, a defendant must raise [the consistency-in-sentencing] issue before the trial court and present some evidence, however minimal, in order to provide a starting point for analysis and to preserve the issue for appeal." ' "

(Citations omitted.) *Goff* at ¶ 47, quoting *Taylor* at ¶ 29, quoting *Adams* at ¶ 46, in turn quoting *Montanez-Roldon* at ¶ 14.

{¶20} In *Goff*, trial counsel presented sentencing recommendations to the trial court in advance of sentencing. Here, no sentencing memorandums were provided to the trial court for consideration, nor were any consistency-in-sentencing arguments raised at the trial court level. Thus, Watson has failed to preserve this argument for appellate review.

{¶21} Finally, we note that here, a joint sentencing recommendation was not part of Watson's plea agreement and thus, there was no joint sentencing recommendation provided to the trial court. Watson argued for probation, while the State appears to have argued for concurrent 24-month prison terms on each count. However, even if there had been a joint sentencing recommendation, "a 'trial court is not bound by a [sentencing] recommendation.' " *State v. Howard*, 2017-Ohio-9392, 103 N.E.3d 108, ¶ 58 (4th Dist.), quoting *State v. Bailey*, 5th Dist. Knox No. 05-CA-13, 2005-Ohio-5329, ¶ 15. Thus, we cannot say that the trial court erred by imposing a sentence exceeding that sought by the State.

{¶22} Accordingly, having found no merit in any of the arguments raised under Watson's sole assignment of error, it is overruled and the judgment of the trial court is affirmed.

**JUDGMENT AFFIRMED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. and Wilkin, J., concur in Judgment and Opinion.

For the Court,


_____
Jason P. Smith
Presiding Judge


## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**