[Cite as *State v. Johnson*, 2016-Ohio-10.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2015-0024 |
| KENNETH R. JOHNSON | : | CT2015-0033 |
|  | : |  |
| Defendant-Appellant | : |  |
|  | : | O P I N I O N |

CHARACTER OF PROCEEDING: Criminal appeal from the Muskingum
County Court of Common Pleas, Case Nos.
CR2015-0002 & CR2015-0049

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: January 4, 2016

APPEARANCES:

For Plaintiff-Appellee

D. MICHAEL HADDOX
Prosecuting Attorney
BY: GERALD V. ANDERSON
Assistant Prosecuting Attorney
27 North Fifth St., Box 189
Zanesville, OH 43702-0189

For Defendant-Appellant

WILLIAM CRAMER
470 Olde Worthington Road, Ste. 200
Westerville, OH 43082

*Gwin, P.J.*

{¶1} Appellant, Kenneth R. Johnson ["Johnson"] appeals the Muskingum County Court of Common Pleas sentences imposed by Judgment Entries filed May 11, 2015.

*Facts and Procedural History*

{¶2} In Muskingum County Court of Common Pleas Case No. CR-2015-0048, Johnson pled guilty to robbery, a felony of the third degree, theft of a credit card, a felony of the fifth degree, and petty theft, a misdemeanor of the first degree.[1]

{¶3} In Muskingum County Court of Common Pleas Case No. CR-2015-00028, Johnson pled guilty to Escape, a felony of the third degree.[2]

{¶4} At the time of his convictions, Johnson had been on post release control in Perry County Court of Common Pleas, Case No. 13CR0040.

{¶5} By Judgment Entry filed May 11, 2015 in Case No. CR-2015-0048, Johnson was sentenced. The trial court merged one count of theft of a credit card, a felony of the fifth degree, and petty theft, a misdemeanor of the first degree. The trial court imposed no sentence upon the merged counts. (T, Apr. 29, 2015 at 12). The trial court sentenced Johnson to a definite term of two years on the charge of robbery, a felony of the third degree. In addition, the trial court terminated Johnson's post release control in the Perry County case and ordered the remainder of the term of post release control in Perry County Court of Common Pleas Case No. 13CR0040 be imposed and served consecutive to the two year term imposed in Muskingum County Court of Common Pleas Case No. CR-2015-0048.

---

[1] Fifth District, Muskingum No. CT2015-0033.
[2] Fifth District, Muskingum No CT2015-0024.

{¶6}    By Judgment Entry filed May 11, 2015 in Case No. CR-2015-0002, Johnson was sentenced on one count of Escape, a felony of the third degree in violation of R.C. 2921.34(A) to a definite term of 12 months.  The trial court ordered this sentence run concurrently to the two-year sentence imposed in Muskingum County Court of Common Pleas Case No. CR-2015-0048.

{¶7}    Johnson appeals the trial court's decision to impose the remainder of his post-release control time as a prison term.

{¶8}    By Judgment Entry filed July 20, 2015, this Court consolidated 5th Dist. Muskingum No. CT2015-0024 and 5th District, Muskingum No. CT2015-0033 for purposes of appeal and ordered that the controlling case number was to be 5th Dist. Muskingum No. CT2015-0024.

*Assignment of Error*

{¶9}    Johnson raises one assignment of error,

{¶10}   "I. THE TRIAL COURT ABUSED ITS DISCRETION UNDER R.C. 2929.141 BY IMPOSING ALL OF THE REMAINING POST-RELEASE CONTROL TIME AS A PRISON SANCTION."

*Analysis*

{¶11}   At the outset, we note there is no constitutional right to an appellate review of a criminal sentence. *Moffitt v. Ross*, 417 U.S. 600, 610–11, 94 S.Ct. 2437, 2444, 41 L.Ed.2d 341(1974); *McKane v. Durston*, 152 U.S. 684, 687, 14 S.Ct. 913. 917(1894); *State v. Smith*, 80 Ohio St.3d 89, 1997–Ohio–355, 684 N.E.2d 668(1997); *State v. Firouzmandi,* 5th Dist. Licking No. 2006–CA–41, 2006–Ohio–5823. An individual has no substantive right to a particular sentence within the range authorized by statute. *Gardner*

*v. Florida*, 430 U.S. 349, 358, 97 S.Ct. 1197, 1204–1205, 51 L.Ed.2d 393 (1977); *State*

*v. Goggans,* 5th Dist. Delaware No.2006–CA–07–0051, 2007–Ohio–1433, ¶ 28. In other

words "[t]he sentence being within the limits set by the statute, its severity would not be

grounds for relief here even on direct review of the conviction ... It is not the duration or

severity of this sentence that renders it constitutionally invalid...." *Townsend v. Burke*, 334

U.S. 736, 741, 68 S.Ct. 1252, 1255, 92 L.Ed. 1690 (1948).

{¶12}  When a defendant on post-release control commits a new felony, he or she

is subject to additional punishment. R.C. 2929.141 governs commission of an offense by

person under post release control. Subsection (A) (1) states the following:

> (A) Upon the conviction of or plea of guilty to a felony by a person on
>
> post-release control at the time of the commission of the felony, the court
>
> may terminate the term of post-release control, and the court may do either
>
> of the following regardless of whether the sentencing court or another court
>
> of this state imposed the original prison term for which the person is on post-
>
> release control:
>
> (1) In addition to any prison term for the new felony, impose a prison
>
> term for the post-release control violation. The maximum prison term for the
>
> violation shall be the greater of twelve months or the period of post-release
>
> control for the earlier felony minus any time the person has spent under
>
> post-release control for the earlier felony. In all cases, any prison term
>
> imposed for the violation shall be reduced by any prison term that is
>
> administratively imposed by the parole board as a post-release control
>
> sanction. A prison term imposed for the violation shall be served

consecutively to any prison term imposed for the new felony. The imposition of a prison term for the post-release control violation shall terminate the period of post-release control for the earlier felony.

{¶13} In *State v. Proctor*, 12th Dist. Butler Nos. CA2006–03–042, CA2006–03–043, 2007–Ohio–909, the Court observed,

This statute clearly and unambiguously required the trial court to order that appellant's sentence for the post-release control violation be served consecutively with the sentence on the new felony. The statute mandates imposition of consecutive sentences without reference to the R.C. 2929.14(E) (4) consecutive factors which were found unconstitutional in *Foster*. R.C. 2929.141(B) usurps the trial court's discretion to sentence appellant to anything but consecutive sentences. Simply stated, the unconstitutional consecutive factors in R.C. 2929.14(E)(4) have no application to the present instance, where the trial court sentenced appellant for a new felony violation, and then proceeded to sentence him for a post-release control violation.

*Proctor*, ¶ 8; *Accord, State v. Pena*, 6th Dist. Lucas No. L–13–1030, 2014–Ohio–3438, ¶ 15; *State v. Sheehi*, 10th Dist. Franklin No. 12AP–641, 2013–Ohio–2213, ¶ 13; *State v. Gillespie*, 172 Ohio App.3d 304, 2007–Ohio–3439, 874 N.E.2d 870(2nd Dist.), ¶ 24.

{¶14} The two-step approach set forth in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124 no longer applies to appellate review of felony sentences.[3] *State v. Howell,* 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶31; *State v.*

---

[3] This issue is presently before the Ohio Supreme Court. *See, State v. Marcum,* 141 Ohio St.3d 1453, 2015-Ohio-239, 23 N.E.3d 1195(Table).

*Tammerine*, 6th Dist. Lucas No. L–13–1081, 2014–Ohio–425, ¶10. We now review felony sentences using the standard of review set forth in R.C. 2953.08. Id. at ¶11. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. Id. *See, also, State v. Bonnell,* 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.2d 659, ¶28.

**{¶15}** During the April 29, 2015 sentencing hearing, the trial court observed,

Well, the Court has received the presentence investigation and had an opportunity to review the same. The Court will note for the record in regards to Case No. 0002, you entered a plea of guilty to one count that count being a felony of the third degree. Case No. 0048, you entered pleas of guilty to three counts, one being a felony of the third degree, a felony of the fifth degree, and a misdemeanor of the first degree.

Court -- the Prosecution agreed to dismiss count four at the time of sentencing. The Court will grant **their** motion to dismiss that count.

Upon review of the presentence investigation the Court will note for the record you have seven prior felonies. You were on post-release control at the time of committing this offense.  You were released  [sic]      that offense was in 9 -- 2013, assault on a peace officer out of Perry County. You were sentenced 14 months.  You were released on July of 2014, sent back to prison one month later for 90 days for violating your PRC. You were

released from there in [sic.] November 5th of 2014 and you committed this offense one month later.

As such, the Court will, in regards to the 0002, impose a 12-month sentence. In regards to 0048, the Court will impose, on the felony of the third degree, a two-year sentence. The other two counts the Court finds merge with that offense. Therefore, no sentence will be imposed on those. The Court will order those sentences be served concurrently.  The Court will terminate your post-release control and order that the time you have left be imposed and by law be served consecutively to the sentence I just gave you.

You will also be given credit on the sentences I gave you of 130 days. You also will be ordered to pay the court costs in this matter.

* * *

T., Apr. 29, 2015 at 11-13(emphasis in original).

{¶16}  Upon review, we find that the trial court's sentencing on the charge complies with applicable rules and sentencing statutes. The sentence was within the statutory sentencing range. Furthermore, the record reflects that the trial court considered the purposes and principles of sentencing and the seriousness and recidivism factors as required in Sections 2929.11 and 2929.12 of the Ohio Revised Code and advised Johnson regarding post release control. Therefore, the sentence is not clearly and convincingly contrary to law.

**{¶17}** However, R.C. 2929.141 leaves it to the trial court's discretion to select the appropriate sanction for the post release control violation. *State v. Dotson*, 8th Dist. No. 101911, 2015-Ohio-2392, 118.

**{¶18}** In the case at bar, the trial court noted that this is Johnson's second violation of post-release control in Perry County Court of Common Pleas Case No. 13CR0040. Johnson was released after serving a sanction of 90 days and committed the instant offense within one month of his release.

**{¶19}** In the case at bar, the record established that the trial court engaged in the correct analysis and the record contains evidence to support the trial court's findings.

**{¶20}** Upon review, we find that the trial did not abuse its discretion in ordering Johnson to serve the unexpired portion of his post release control time.

**{¶21}** Johnson's sole assignment of error is overruled.

{¶22} The judgment of the Muskingum County Court of Common Pleas, Muskingum County, Ohio is affirmed.

By Gwin, P.J.,

Delaney, J., and

Baldwin, J., concur