[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Gordon,* Slip Opinion No. 2018-Ohio-1975.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

**Slip Opinion No. 2018-Ohio-1975**

**THE STATE OF OHIO, APPELLEE, *v.* GORDON, APPELLANT.**

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Gordon,* Slip Opinion No. 2018-Ohio-1975.]**

*R.C. 2929.19(B)(2)(e) does not require that at an offender's initial sentencing hearing, the trial court notify the offender of the penalty provisions in R.C. 2929.141(A)(1) and (2).*

(No. 2017-1122—Submitted February 27, 2018—Decided May 23, 2018.)

CERTIFIED by the Court of Appeals for Summit County,

No. 28191, 2017-Ohio-5796.

_____

**FISCHER, J.**

{¶ 1} This case was accepted as a certified conflict between judgments of the Ninth District and Fifth District Courts of Appeals.  The Ninth District certified the issue in conflict as follows:

"Whether the post-release control notification of R.C. 2929.19(B)(2)(e) must include notification of the penalty provisions in R.C. 2929.141(A)(1)-(2), specifically, whether a trial court must inform an offender at the time of sentencing that the commission of a felony during a period of post-release control permits a trial court to impose a new prison term for the violation to be served consecutively with any prison term for the new felony."

150 Ohio St.3d 1441, 2017-Ohio-7843, 82 N.E.3d 1175, quoting the court of appeals' journal entry.

**{¶ 2}** Applying the plain language of R.C. 2929.19(B)(2)(e), we hold that the statute does not require that a trial court notify an offender at his initial sentencing hearing of the penalty provisions contained in R.C. 2929.141(A)(1) and (2) (provisions that apply only when an offender is convicted of committing a new felony while serving a period of postrelease control).

### I. Facts and Procedural History

**{¶ 3}** In March 2015, appellant, Bruce Gordon, was indicted on two counts of rape in violation of R.C. 2907.02(A)(1)(b) (victims less than 13 years of age), with a factual allegation that Gordon purposely compelled the victims to submit by force or threat of force. Gordon was also charged with three counts of gross sexual imposition in violation of R.C. 2907.05(A)(4) (victims less than 13 years of age). A jury found him guilty on all counts.

**{¶ 4}** At sentencing, the trial court imposed an aggregate sentence of 55 years to life in prison.

**{¶ 5}** The trial court imposed the mandatory term of postrelease control at the sentencing hearing and also provided Gordon with notification of his postrelease-control term in the sentencing entry. The entry also advised Gordon that if he were convicted of a "new felony offense while on post-release control,

the sentencing court [could] impose a prison term for the new felony offense as well as an additional consecutive prison term for the post-release control violation of twelve months or whatever time remains on [his] post-release control period, whichever is greater."

{¶ 6} Gordon timely appealed his conviction and sentence to the Ninth District Court of Appeals. On appeal, he raised seven assignments of error related to his trial and sentence. In his fourth assignment of error, Gordon argued that "[t]he trial court committed reversible and plain error when it sentenced [him] without properly giving him all the required notifications as required by R.C. 2929.19(B)(4) and concerning post-release control." The Ninth District overruled six of Gordon's seven assignments of error, including his above-quoted fourth assignment of error. The Ninth District did remand the case to the trial court after determining that the trial court had made insufficient findings at the sentencing hearing related to the imposition of consecutive sentences. The Ninth District also granted Gordon's motion to certify a conflict with the Fifth District's judgment in *State v. Johnson*, 5th Dist. Muskingum No. CT2016-0035, 2016-Ohio-7931. We recognized the conflict. 150 Ohio St.3d 1441, 2017-Ohio-7843, 82 N.E.3d 1175.

## II. Analysis

{¶ 7} R.C. 2929.141(A)(1) and (2) do not require a trial court to notify an offender of the penalty provisions contained therein, and Gordon does not argue that R.C. 2929.141(A)(1) and (2) require such notifications. Instead, Gordon argues—and the court in the conflict case, *Johnson*, held—that R.C. 2929.19(B)(2)(e) imposes that notification duty on the trial court. Thus, the issue before us is whether R.C. 2929.19(B)(2)(e) requires that a trial court notify an offender at his initial sentencing hearing that under R.C. 2929.141(A)(1) and (2), a later felony committed during that offender's postrelease-control term may result in termination of postrelease control and imposition of a separate prison term to be served consecutively to the prison term imposed for the later felony.

**{¶ 8}** The primary goal of statutory construction is to give effect to the legislature's intent. *Summerville v. Forest Park*, 128 Ohio St.3d 221, 2010-Ohio-6280, 943 N.E.2d 522, ¶ 19; *Cline v. Ohio Bur. of Motor Vehicles*, 61 Ohio St.3d 93, 97, 573 N.E.2d 77 (1991). To determine the intent of the legislature, we first look to the plain language of the statute. *State ex rel. Burrows v. Indus. Comm.*, 78 Ohio St.3d 78, 81, 676 N.E.2d 519 (1997). When a statute is plain and unambiguous, we apply the statute as written. *Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St.3d 106, 2006-Ohio-954, 846 N.E.2d 478, ¶ 52, citing *State ex rel. Savarese v. Buckeye Local School Dist. Bd. of Edn.*, 74 Ohio St.3d 543, 545, 660 N.E.2d 463 (1996).

**{¶ 9}** "It is settled that 'a trial court has a statutory duty to provide notice of postrelease control at the sentencing hearing' and that 'any sentence imposed without such notification is contrary to law.'" *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 8, quoting *State v. Jordan,* 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 23. However, when the notifications provided by a trial court could be more thorough but nevertheless satisfy the statutory requirements, the trial court does not err in deciding not to provide more thorough notification. *See id.* at ¶ 19, 25 (holding that a sentencing entry that meets the statutory requirements is legally sufficient even if the trial court could have been more thorough in that sentencing entry).

**{¶ 10}** R.C. 2929.19(B)(2)(e) provides that a trial court shall

[n]otify the offender that, if a period of supervision is imposed following the offender's release from prison, as described in division (B)(2)(c) or (d) of this section, and if the offender violates that supervision or a condition of post-release control imposed under division (B) of section 2967.131 of the Revised Code, the parole board may impose a prison term, as part of the sentence, of up to

4

one-half of the stated prison term originally imposed upon the offender. If a court imposes a sentence including a prison term on or after July 11, 2006, the failure of a court to notify the offender pursuant to division (B)(2)(e) of this section that the parole board may impose a prison term as described in division (B)(2)(e) of this section for a violation of that supervision or a condition of post-release control imposed under division (B) of section 2967.131 of the Revised Code or to include in the judgment of conviction entered on the journal a statement to that effect does not negate, limit, or otherwise affect the authority of the parole board to so impose a prison term for a violation of that nature if, pursuant to division (D)(1) of section 2967.28 of the Revised Code, the parole board notifies the offender prior to the offender's release of the board's authority to so impose a prison term. Section 2929.191 of the Revised Code applies if, prior to July 11, 2006, a court imposed a sentence including a prison term and failed to notify the offender pursuant to division (B)(2)(e) of this section regarding the possibility of the parole board imposing a prison term for a violation of supervision or a condition of post-release control.

{¶ 11} R.C. 2929.19(B)(2)(e) sets forth one of the notification duties that trial courts have at sentencing hearings. R.C. 2929.19(B)(2)(e) unambiguously requires that the court notify the offender that if the offender violates postrelease control, the parole board may impose a prison term of up to one-half of the stated prison term originally imposed upon the offender. R.C. 2929.19(B)(2)(e) does not impose any other notification requirements on trial courts.

{¶ 12} Applying the plain language of the unambiguous statute, R.C. 2929.19(B)(2)(e) does not require that the trial court inform the offender of the

penalty provisions contained in R.C. 2929.141(A)(1) and (2) (provisions that apply only when an offender is convicted of committing a new felony while serving a period of postrelease control).

### III. Conclusion

**{¶ 13}** We hold that the plain language of R.C. 2929.19(B)(2)(e) does not require that at the initial sentencing hearing, a trial court provide notification to the offender of the penalty provisions contained in R.C. 2929.141(A)(1) and (2).

**{¶ 14}** Accordingly, we affirm the judgment of the Ninth District Court of Appeals.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, DEWINE, and DEGENARO, JJ., concur.

_____

Denise E. Ferguson, for appellant.

_____