DeGenaro, J., dissents and would grant relator's motion for reconsideration, with an opinion joined by O'Connor, C.J., and Fischer, J.
{¶ 1} Respectfully, I disagree with the majority's decision to deny relator Sandy Bashaw's motion for reconsideration in this matter. We should reconsider our decision in State ex rel. Maxcy v. Saferin, --- Ohio St.3d ----, 2018-Ohio-4035, --- N.E.3d ---- ("Maxcy I").
{¶ 2} This court may grant a reconsideration motion filed under S.Ct.Prac.R. 18.02 to "correct decisions which, upon reflection, are deemed to have been made in error." State ex rel. Huebner v. W. Jefferson Village Council, 75 Ohio St.3d 381, 383, 662 N.E.2d 339 (1996). The rule provides that a "motion for reconsideration shall not constitute a reargument of the case." S.Ct.Prac.R. 18.02(B). Insofar as this court in Maxcy I wrongly decided the case based on issues never argued by the parties, Bashaw's motion-which urges this court to reconsider those issues raised by this court sua sponte-is appropriate and should be granted.
{¶ 3} I am deeply troubled by the practical ramifications of this court's decision in Maxcy I. It in effect gives a minority of a municipality's legislative authority veto power over all citizen-initiated charter-amendment proposals. It chains the will of the people to the political whims of a city council. It makes ballot access more difficult for citizens, especially for those most lacking in pecuniary resources or political clout. And as Justice Fischer admonished in his dissenting opinion in Maxcy I, "[s]uch a situation, in which a legislative authority is given unchecked authority to prevent citizens from exercising express constitutional power, is untenable and unconstitutional." Maxcy I at ¶ 49 (Fischer, J., dissenting). Access to the ballot is essential to self-governance in a representative democracy. It is the mechanism the people use to assert their *2 sovereignty over their local legislative body.
{¶ 4} Further, this court's decision made sweeping constitutional pronouncements without the benefit of briefing by the parties. There are multiple plausible readings of Article XVIII, Sections 8 and 9 of the Ohio Constitution. Compare Maxcy I, --- Ohio St.3d ----, 2018-Ohio-4035, --- N.E.3d ----, at ¶ 15-22 (majority opinion) ( Article XVIII, Sections 8 and 9 require the municipal legislative authority to pass an ordinance instructing the board of elections to place the proposed charter amendment on the ballot upon submission of a sufficient petition) with Maxcy I at ¶ 34-42 (Fischer, J., dissenting) (proposing two alternative interpretations: (1) Article XVIII, Section 9 may apply only to referenda and (2) the word "and" in Article XVIII, Section 9 could be treated as the functional equivalent of "or," and therefore a proposed charter amendment could be submitted to the electors by the municipal legislative authority when 10 percent of the electors have signed petitions in its favor). In her motion for reconsideration, Bashaw advances yet another, slightly different but equally plausible interpretation. More specifically, Bashaw asserts that when read in context with the related constitutional provisions, the language and comma placement in Article XVIII, Section 9 means that there are two distinct, independent paths to charter amendment: first, an amendment may be proposed by a two-thirds vote of the municipal legislative authority and second, an amendment proposed by 10 percent of electors subsequently shall be submitted by the municipal legislative authority to the board of elections without the legislative authority first passing an ordinance.
{¶ 5} Notably, respondents decline to address the constitutional issues directly, taking "no position" on the changes Bashaw seeks to the guidelines set forth in Maxcy I. Therefore, we are still left without the benefit of argument by the parties.
{¶ 6} Instead, respondents argue that the relief sought "is or soon will be moot" because absentee voting for the November 6, 2018 election is already underway and because city council passed an ordinance after Maxcy I was announced sending the proposed amendment to the board for placement on the ballot at a special election, which respondents state will occur "sometime in 2019." Respondents' mootness argument is unavailing. Many expedited election matters, since they are filed in close proximity to an election, will arguably be moot by the time a motion for reconsideration is finally decided by this court. Moreover, this court has recognized an exception to the mootness doctrine when there " 'remains a debatable constitutional question to resolve.' " Smith v. Leis, 106 Ohio St.3d 309, 2005-Ohio-5125, 835 N.E.2d 5, ¶ 14, quoting Franchise Developers, Inc. v. Cincinnati, 30 Ohio St.3d 28, 505 N.E.2d 966 (1987), paragraph one of the syllabus. Insofar as the court in Maxcy I sua sponte decided constitutional questions based on a legal theory not raised or briefed by the parties, those issues have not been fully and fairly resolved. Therefore, mootness should not preclude us from considering Bashaw's motion for reconsideration.
{¶ 7} Consistently with the dissenting opinion in Maxcy I, --- Ohio St.3d ----, 2018-Ohio-4035, --- N.E.3d ----, at ¶ 50 (Fischer, J., dissenting), I would hold that "[b]ecause Article II, Section 1f of the Ohio Constitution expressly reserves the power of initiative to the people of municipalities, and because nothing in Article XVIII expressly constrains that power," Article XVIII, Sections 8 and 9 do not dictate the resolution of this case or preclude us from addressing the constitutionality of the amendments to R.C. 3501.11 contained in 2016 Sub.H.B. No. 463-the issue that was fully briefed by the parties. I would hold that Bashaw's proposed charter amendment is an initiative petition subject to R.C. 3501.11 and that R.C. 3501.11(K)(1) is unconstitutional to the limited extent that it incorporates R.C. 3501.38(M)(1)(a), which impermissibly allows the board of elections to determine whether a "petition falls within the scope of a municipal political subdivision's authority to enact via initiative." See Maxcy I at ¶ 51-53 (Fischer, J., dissenting).
{¶ 8} Accordingly, I would grant the motion to reconsider and grant the writ.
O'CONNOR, C.J., and FISCHER, J., concur in the foregoing opinion.