**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Murray,* Slip Opinion No. 2018-Ohio-4958.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-4958

THE STATE OF OHIO, APPELLEE, *v.* MURRAY, APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Murray,* Slip Opinion No. 2018-Ohio-4958.]**

*Court of appeals' judgment affirmed on authority of* State v. Johnson.

(No. 2017-0664—Submitted September 11, 2018—Decided December 13, 2018.)

APPEAL from and CERTIFIED by the Court of Appeals for Highland County, No. 16CA24, 2017-Ohio-1293.

_____

{¶ 1} The judgment of the court of appeals is affirmed on the authority of *State v. Johnson,* ___ Ohio St.3d ___, 2018-Ohio-4957, ___ N.E.3d ___.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, and FISCHER, JJ., concur.

DEGENARO, J., concurs in judgment only, for the reasons stated in her separate opinion in *State v. Johnson,* ___ Ohio St.3d ___, 2018-Ohio-4957, ___ N.E.3d ___.

DEWINE, J., dissents, with an opinion joined by FRENCH, J.

_____

**DEWINE, J., dissenting.**

{¶ 2} In answering the certified-conflict question based on the decision in *State v. Johnson*, ___ Ohio St.3d ___, 2018-Ohio-4957, ___ N.E.3d ___, the majority continues to muddle our jurisprudence on void versus voidable sentences. Here, Nathaniel Murray seeks to collaterally challenge a sentence that was imposed in 2011. I would conclude that because the error he alleges—regarding notification of the consequences of the commission of a new felony while on postrelease control—would, if established, render his sentence voidable and not void, it is not subject to collateral attack. Therefore, the claim is barred by res judicata, and the lower courts should not have considered its merits. Accordingly, I would dismiss the certified conflict as having been improvidently certified.

{¶ 3} This appeal lays bare the damage done to the finality of judgments by this court's recent approach to alleged postrelease-control errors. Murray was initially sentenced in October 2010 for an importuning conviction. He now claims that the trial court erred because it did not include in its sentencing entry the potential consequences he faced if he committed a felony while on postrelease control—namely, that in addition to a sentence for the new felony, a consecutive prison term could be imposed for the postrelease-control violation, *see* R.C. 2929.141(A). Murray did not appeal his 2010 conviction.

{¶ 4} In September 2011, less than a year after his conviction and while on postrelease control for that conviction, Murray was convicted of a new crime. He was sentenced to 14 months in prison for the new offense and a consecutive term of 1,617 days for the postrelease-control violation. 4th Dist. Highland No. 16CA24, 2017-Ohio-1293, ¶ 5. There is no indication that Murray asserted at his sentencing in 2011 that the trial court was precluded from imposing the consecutive term for the postrelease-control violation. Nor did Murray appeal from his 2011 sentence.

{¶ 5} Instead, Murray waited another five years to challenge the purported error in his 2010 sentence. In 2016, Murray filed a motion to vacate his 2011

sentence, arguing that the 2011 sentence should be set aside because of an alleged error in the imposition of postrelease control in 2010.

{¶ 6} Under the traditional view of void and voidable sentences, any error in failing to include notification about R.C. 2929.141 penalties would have been nonjurisdictional and reviewable only on direct appeal. *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 36 (DeWine, J., concurring in judgment only). Thus, Murray's 2016 motion should have been dismissed on the basis of res judicata. But this court has recently maintained the anomalous view that postrelease-control errors make a sentence void. *Id.* at ¶ 34-37. Unlike other criminal-sentencing errors, which can be raised only on direct appeal, *see* R.C. 2953.08; *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 51 (Lanzinger, J., dissenting), we allow postrelease-control errors to be raised at any time. Finality falls by the wayside.

{¶ 7} This case underlines the havoc that approach has wrought. Despite having failed to file a direct appeal from his 2010 sentence and despite having failed to file a direct appeal from his 2011 sentence, Murray gets yet another bite of the apple. When postrelease control is in play, there is apparently no such thing as a final judgment. The door to appeal is always open.

{¶ 8} Our inconsistent jurisprudence on void versus voidable sentences has not gone unnoticed by appellate courts. *See State v. Straley*, 2018-Ohio-3080, 107 N.E.3d 8, ¶ 36 (4th Dist.) (Harsha, J., concurring) ("I agree that our result seems absurd, but that we must apply the law as pronounced by the Supreme Court of Ohio");[1] *State v. Banks*, 10th Dist. Franklin No. 15AP-653, 2015-Ohio-5372, ¶ 16, fn. 1 ("that a trial court properly possessed of jurisdiction produces a void sentence or order when it does what is prohibited by statute or fails to do what is required by

---

[1] This court has accepted the state's appeal in *Straley*. *See* 153 Ohio St.3d 1504, 2018-Ohio-4285, 109 N.E.3d 1260.

statute, seems problematic"); *State v. Harper*, 2018-Ohio-2529, __ N.E.3d __, ¶ 22 (10th Dist.), fn. 5 (Sadler, J., dissenting).

{¶ 9} Rather than continuing down this wrong road, this court ought to admit that it made a mistake when it concocted the notion that a postrelease-control error will make a sentence void. Doing so would restore finality and certainty to what's become an unnecessarily complicated area of criminal sentencing.

FRENCH, J., concurs in the foregoing opinion.

————————————

Timothy Young, Ohio Public Defender, and Allen Vender, Assistant Public Defender, for appellant.

————————————