[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Johnson,* Slip Opinion No. 2018-Ohio-4957.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-4957

THE STATE OF OHIO, APPELLANT, *v*. JOHNSON, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Johnson,* Slip Opinion No. 2018-Ohio-4957.]

*Court of appeals' judgment reversed and trial court's judgment denying motion to vacate judicial sanction reinstated based on* State v. Gordon *and* State v. Grimes.

(No. 2017-0244—Submitted September 11, 2018—Decided December 13, 2018.)

APPEAL from the Court of Appeals for Muskingum County,

No. CT2016-0035, 2016-Ohio-7931.

_____

O'DONNELL, J.

{¶ 1} The state of Ohio appeals from a judgment of the Fifth District Court of Appeals reversing the trial court's decision denying Kenneth Johnson's "Motion to Vacate Judicial Sanction." Based on our decisions in *State v. Gordon*, 153 Ohio St.3d 601, 2018-Ohio-1975, 109 N.E.3d 1201, and *State v. Grimes*, 151 Ohio St.3d

19, 2017-Ohio-2927, 85 N.E.3d 700, we reinstate the trial court's decision finding that postrelease control was properly imposed.

{¶ 2} The Fifth District Court of Appeals summarized the relevant facts of this case as follows:

On October 30, 2013, [Johnson] was sentenced to an aggregate prison term of fourteen months as entered by the Perry County Court of Common Pleas, in *State v. Johnson* Case No. 13CR0040. The judgment entry of the Perry County Court included the following language as to post-release control: "The Court has further notified the defendant that post release control of up to three (3) years is optional in this case, as well as the consequences of violating conditions of post release control imposed by the Parole Board under Section 2967.28 Revised Code, which includes reimprisonment for up to a maximum of one-half of my originally stated term."

In the case under review, [Johnson] entered a plea of guilty to one count of robbery and two counts of theft in the Muskingum County Court of Common Pleas on February 15, 2015. Via Entry filed May 11, 2015, the trial court sentenced [Johnson] to a stated term of two years on the robbery count, merging both theft counts with the robbery count for purposes of sentencing. The trial court notified [Johnson] post-release control was mandatory and the consequences for violating post-release control. The trial court further found [Johnson] was on post-release control in Perry County Common Pleas Court Case 13CR0040, at the time he committed the offenses. The trial court further ordered: "Defendant is no longer amenable to Post Release Control, and, pursuant to O.R.C. §

2929.141, terminates the same and orders that the remainder of Defendant's Post Release Control be served as a prison term. According to statute, it is mandatory that this prison term be served consecutively to the two (02) year prison sentence in the instant case."

On May 23, 2016, [Johnson] filed a motion to vacate judicial sanction.

Via Entry of July 21, 2016, the trial court denied [Johnson's] motion to vacate judicial sanction, finding [Johnson's] post-release control in Perry County Case No. 13 CR 0040 was properly imposed.

*State v. Johnson*, Muskingum No. CT2016-0035, 2016-Ohio-7931, ¶ 2-5.

**{¶ 3}** The court of appeals reversed the trial court's judgment denying Johnson's motion to vacate and held that "the failure of the Perry County Common Pleas Court sentencing entry to advise [Johnson] of the consequences contained within R.C. 2929.141(A) prohibits the Muskingum County Common Pleas Court from imposing the sanctions contained therein." *Id.* at ¶ 24.

**{¶ 4}** We accepted the state's jurisdictional appeal and held the matter for our decision in *Gordon*, 153 Ohio St.3d 601, 2018-Ohio-1975, 109 N.E.3d 1201.

**{¶ 5}** The notifications concerning postrelease control that are required to be provided by a trial court judge at a sentencing hearing were clarified by this court in *Gordon* at ¶ 2, where we determined that a trial court is *not* required to notify an offender of the penalty provisions for violating postrelease control contained in R.C. 2929.141(A).

**{¶ 6}** To further clarify what belongs in a sentencing entry, trial and appellate courts should be aware of our recently issued decision in *Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 1, where we held that

to validly impose postrelease control when the court orally provides all the required advisements at the sentencing hearing, the sentencing entry must contain the following information: (1) whether postrelease control is discretionary or mandatory, (2) the duration of the postrelease-control period, and (3) a statement to the effect that the Adult Parole Authority ("APA") will administer the postrelease control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of postrelease control will subject the offender to the consequences set forth in that statute.

{¶ 7} Accordingly, in this case, based on *Gordon* and *Grimes*, we reverse the decision of the court of appeals and reinstate the judgment of the trial court, finding that postrelease control was properly imposed.

O'CONNOR, C.J., and KENNEDY and FISCHER, JJ., concur.

DEWINE, J., concurs in judgment only, with an opinion joined by FRENCH, J.

DEGENARO, J., concurs in judgment only, with an opinion.

_____

**DEWINE, J., concurring in judgment only.**

{¶ 8} This case provides yet another illustration of the need to clean up the mess we have made concerning void and voidable sentences. Like the majority, I would reverse the court of appeals' judgment. But I would do so for the simple reason that Kenneth Johnson's motion to vacate is barred by res judicata.

{¶ 9} In 2013, when it sentenced Johnson for assault on a peace officer, the trial court notified Johnson that he could be subject to up to three years of postrelease control and about the consequences of violating the conditions of postrelease control. But the court did not include in the entry information about the

penalty provisions of R.C. 2929.141(A)(1)—that is, that should Johnson commit a felony while on postrelease control, the sentencing court in that case could impose a prison sentence for the postrelease-control violation, which would run consecutively to the sentence for the new felony. Johnson did not appeal the alleged error in 2013.

{¶ 10} Less than two years later, when Johnson was convicted of robbery, the trial court sentenced him to two years' imprisonment for the robbery. Additionally, pursuant to R.C. 2929.141, the trial court ordered that Johnson serve what remained of his postrelease-control time from his 2013 conviction consecutively to the new prison sentence. Johnson appealed, arguing that the trial court had abused its discretion when it imposed the remaining postrelease-control time as a prison sentence. Notably, he didn't challenge the lack of notification of the R.C. 2929.141 penalties. The Fifth District Court of Appeals affirmed. Muskingum Nos. CT2015-0024 and CT2015-0033, 2016-Ohio-10.

{¶ 11} Johnson did not appeal the court of appeals' decision. Instead, in May 2016, he filed a "Motion to Vacate Judicial Sanction." When the trial court denied his motion, Johnson appealed to the court of appeals, challenging the trial court's imposition of a sentence for the remaining postrelease-control time. In Johnson's view, the imposition of postrelease control for the 2013 conviction was void because the trial court did not inform him about the penalty provisions of R.C. 2929.141. The court of appeals agreed, holding that "the failure of the Perry County Common Pleas Court sentencing entry to advise Appellant of the consequences contained within R.C. 2929.141(A) prohibits the Muskingum County Common Pleas Court from imposing the sanctions contained therein." Muskingum No. CT2016-0035, 2016-Ohio-7931, ¶ 24. The state appealed to this court.

{¶ 12} Resolution of the appeal should be simple. Under the traditional view of void and voidable sentences, any purported error as to postrelease-control notification would have made Johnson's sentence voidable. *See State v. Grimes*,

151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 36 (DeWine, J., concurring in judgment only). Accordingly, the error could have been raised only on direct appeal, and a collateral attack on postrelease control would be barred by res judicata. *Id.* at ¶ 34. But unfortunately, this court has strayed from the finality doctrine and has allowed postrelease-control errors to be raised in pretty much any way and at pretty nearly any time. *See id.* at ¶ 36-37. The majority clings to this aberrant view and reaches the merits of Johnson's claim despite the res judicata bar.

{¶ 13} I'd do things differently—admit that our recent jurisprudence in this area has proved unworkable and go back to our traditional view of sentencing errors. Johnson's motion to vacate should have been denied as barred by res judicata.

FRENCH, J., concurs in the foregoing opinion.

––––––––––––––––

**DEGENARO, J., concurring in judgment only.**

{¶ 14} Under different circumstances, I would join Justice DeWine's opinion concurring in judgment only, which argues that this court should hold that appellee Kenneth Johnson's motion to vacate was barred by res judicata and should return to our traditional view that sentencing errors generally render a sentence voidable, not void. But given the posture of this appeal, making such a holding sua sponte is not appropriate.

{¶ 15} The specific issue presented in this appeal is whether a trial court's failure to inform a defendant of the penalty provisions contained in R.C. 2929.141(A) is reversible error. We have previously held that a trial court's failure to provide such information during a defendant's sentencing hearing or in the sentencing entry does not constitute error. *State v. Gordon*, 153 Ohio St.3d 601, 2018-Ohio-1975, 109 N.E.3d 1201, ¶ 2 (hearing); *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 1 (entry). Given the similar nature of the issue in this case, we accepted and held this case pending our decision in *Gordon*;

because of the hold placed on this case, no briefing was permitted. 151 Ohio St.3d 1429, 2017-Ohio-8372, 84 N.E.3d 1065.

{¶ 16} For over ten years, this court's jurisprudence has directed Ohio courts to entertain the merits of collateral attacks against sentences involving imperfect notification regarding postrelease control. *See State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 30. This line of authority required both the Muskingum County Court of Common Pleas and the Fifth District Court of Appeals to reach the merits of Johnson's claim on the theory that the improper imposition of postrelease control would have rendered that portion of his sentence void. *See Mannion v. Sandel*, 91 Ohio St.3d 318, 322, 744 N.E.2d 759 (2001) ("courts of appeals are required to follow the law as it is interpreted by this court").

{¶ 17} Justice Lanzinger consistently dissented from this court's treatment of sentencing errors as rendering a sentence void, rightfully noting that this jurisprudence departed from the basic principles of res judicata and our traditional understanding of both jurisdiction and finality. *See State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 23-32 (Lanzinger, J., dissenting); *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 35-68 (Lanzinger, J., dissenting). I write separately here to add my voice to the growing number who agree with this position.

{¶ 18} When the right opportunity arises—and I am certain that very soon it will—we should revisit our recent jurisprudence relative to void versus voidable sentences and overrule it under the principles articulated in *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, ¶ 43-48. Being mindful of stare decisis, I do not entertain the prospect of overruling over ten years of jurisprudence lightly. Equally important, to ensure the due-process rights of the parties, we should provide notice and an opportunity to brief the issue. It does a disservice to this court to decide an issue sua sponte without the benefit of argument

by the parties. *See State ex rel. Maxcy v. Lucas Cty. Bd. of Elections*, 154 Ohio St.3d 1401, 2018-Ohio-4419, 111 N.E.3d 1, ¶ 2-6 (DeGenaro, J., dissenting).

{¶ 19} Despite the frustration, which I fully share, with this court's recent jurisprudence on void versus voidable sentences, we must exercise restraint. Accordingly, I concur in the court's judgment only.

_____

D. Michael Haddox, Muskingum County Prosecuting Attorney, and Gerald V. Anderson II, Assistant Prosecuting Attorney, for appellant.

Kenneth R. Johnson, pro se.

_____