[Cite as *State v. Daniels*, 2023-Ohio-2043.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,                 : CASE NO. 22CA1157

    v.                                  :

CHRISTOPHER DANIELS, II,                : DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.                :

_____

APPEARANCES:

Brian T. Goldberg, Cincinnati, Ohio, for appellant[1].

Kris Blanton, Adams County Prosecuting Attorney, and Austin Ervin, Assistant Prosecuting Attorney, West Union, Ohio, for appellee.
_____
CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:6-13-23
ABELE, J.

{¶1} This is an appeal from an Adams County Common Pleas Court judgment of conviction and sentence. Christopher Daniels, II, defendant below and appellant herein, assigns two errors for review:

> FIRST ASSIGNMENT OF ERROR:
>
> "THE SENTENCE OF THE TRIAL COURT IS CONTRARY TO LAW."

_____

[1] Different counsel represented appellant during the trial court proceedings.

SECOND ASSIGNMENT OF ERROR:

"THE SENTENCE MUST BE SET ASIDE, BECAUSE THE

TRIAL COURT DID NOT PROVIDE PROPER POSTRELEASE

CONTROL NOTIFICATIONS AT SENTENCING, MAKING THE SENTENCE
VOIDABLE."

**{¶2}** In February 2021, an Adams County Grand Jury returned an indictment that charged appellant with two counts of unlawful sexual conduct with a minor (with a finding the offender is ten or more years older than the victim) in violation of R.C. 2907.04(A), both third-degree felonies.

**{¶3}** On August 15, 2022, appellant pleaded guilty to one count of the indictment, the trial court dismissed the second count, ordered a pre-sentence investigation and set the matter for sentencing. The court further noted that (1) appellant would be subject to a mandatory Tier II sex offender classification with registration every 180 days for 25 years, and (2) a mandatory 5-year post-release control term.

**{¶4}** At the September 22, 2022 sentencing hearing, the trial court emphasized that at the time of the offense, a 15-year age difference existed between the appellant and the 13-year-old victim. After considering the appropriate statutory factors, the court ordered appellant to: (1) serve a 30-month prison sentence,

ADAMS, 22CA1157

(2) serve a mandatory maximum 5-year post-release control term, and (3) register as a Tier II sex offender/child victim offender registrant. This appeal followed.

I.

{¶5} In his first assignment of error, appellant asserts that his sentence is contrary to law. In particular, appellant argues that the record clearly and convincingly demonstrates that the trial court failed to consider (1) the R.C. 2929.11 purposes and principles of sentencing, and (2) the R.C. 2929.12 seriousness and recidivism factors. Further, appellant contends that the trial court did not fully consider appellant's record of military service.

{¶6} When reviewing felony sentences, appellate courts apply the standard of review outlined in R.C. 2953.08(G)(2). *State v. Prater,* 4th Dist. Adams No. 18CA1069, 2019-Ohio-2745, ¶ 12, citing *State v. Graham,* 4th Dist. Adams No. 17CA1046, 2018-Ohio-1277, ¶ 13. Under R.C. 2953.08(G)(2), the appellate court's standard of review is not whether the sentencing court abused its discretion. Instead, R.C. 2953.08(G)(2) specifies that an appellate court may increase, reduce, modify, or vacate and remand a challenged felony sentence if the court clearly and convincingly finds either:

ADAMS, 22CA1157

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

> (b) That the sentence is otherwise contrary to law.

A defendant bears the burden to establish, by clear and convincing evidence, that a sentence is either contrary to law or that the record does not support the specified findings. *State v. Poole*, 4th Dist. Adams No. 21CA1151, 2022-Ohio-2391, ¶ 11, citing *State v. Behrle*, 4th Dist. Adams No. 20CA1110, 2021-Ohio-1386, ¶ 48; *State v. Smith,* 4th Dist. Gallia No. 22CA3, 22CA4, 2023-Ohio-681, ¶ 12; *State v. Helterbridle*, 4th Dist. Adams No. 21CA1149, 21CA1150, 2022-Ohio-2756, ¶ 9. "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required, 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus; *State v. Whitehead*, 4th Dist. Scioto No. 20CA3931, 2022-Ohio-479, ¶ 107.

{¶7} Specifically with regard to R.C. 2929.11 and 2929.12, in *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649,

ADAMS, 22CA1157

the Supreme Court of Ohio held that R.C. 2953.08(G)(2) does not permit an appellate court to review whether the record supports a sentence as a whole under R.C. 2929.11 and 2929.12.  *Id.* at ¶ 30. The court determined that "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12."  *Id.* at ¶ 42.

{¶8}  Here, appellant does not seek a review of the record as a whole under R.C. 2929.11 and 2929.12, but instead argues that his sentence is "contrary to law."  "'[O]therwise contrary to law' means '"in violation of statute or legal regulations at a given time."'"  *State v. Bryant*, 168 Ohio St.3d 250, 2022-Ohio-1878, 198 N.E.3d 68, ¶ 22, quoting *Jones*, *supra*, at ¶ 34, quoting *Black's Law Dictionary* 328 (6th Ed.1990).  Appellant contends that a review of the record will show clearly and convincingly that the trial court failed to consider the R.C. 2929.11 purposes and principles of sentencing and the 2929.12 seriousness and recidivism factors. Appellant further asserts that the court did not properly consider his record of military service when making the sentencing determination.

**{¶9}** R.C. 2929.11 addresses the purposes of felony sentencing and provides:

> (A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
>
> (B) A sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.
>
> * * *

R.C. 2929.12(A) addresses the seriousness of the crime and recidivism factors and instructs:

> Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct, the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism, and the factors set forth in division (F) of this section pertaining to

ADAMS, 22CA1157

> the offender's service in the armed forces of the United States and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.

In addition, R.C. 2929.12(B)-(E) lists various factors for courts to consider at sentencing. In *Poole*, 4th Dist. Adams No. 21CA1151, 2022-Ohio-2391, at ¶ 17, this court wrote:

> Because both R.C. 2929.11 and R.C. 2929.12 require the trial court to consider the factors outlined in those two statutory provisions, *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31, then a trial court's failure to consider the factors would render the sentence "in violation of statute and thus "contrary to law." This was our established precedent prior to *Jones* and nothing in our interpretation of *Jones* requires us to abandon it. *State v. Allen*, 4th Dist. Pickaway No. 19CA31, 2021-Ohio-648, ¶ 19 ("under the Supreme Court's decision in *Jones,* a reviewing court no longer needs to determine whether a trial court's consideration of the factors in R.C. 2929.11 and 2929.12 are supported in the record. The court's consideration of the factors enumerated in these statutes is sufficient"); *see also State v. Neal*, 4th Dist. Lawrence Nos. 14CA31 & 14CA32, 2015-Ohio-5452, ¶ 55 ("A sentence is contrary to law * * * if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12"). "Although a trial court has a mandatory duty to consider the relevant statutory factors under R.C. 2929.11 and 2929.12, the trial court is not required to specifically analyze each factor on the record or to explain its reasoning before imposing a sentence." *Id.* at ¶ 58; *Jones* at ¶ 20, citing *State v. Wilson,* 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31.

*See also State v. Young*, 4th Dist. Ross No. 22CA10, 2022-Ohio-4223, ¶ 5.

ADAMS, 22CA1157

**{¶10}** In the case sub judice, our review of the transcript and sentencing entry reveals that the trial court did consider the R.C. 2929.11 and 2929.12 factors, along with appellant's military service.  The sentencing transcript referenced his military service and noted that related to mental health, appellant indicated that he had been "prescribed medications for post-traumatic stress syndrome, anxiety and depression * * * [and] has received some mental health treatment."  Thus, it does appear that the trial court did consider appellant's military service during sentencing.  Further, a trial court's statement in its sentencing entry that it considered the applicable statutory factors is sufficient to fulfill a court's obligations under R.C. 2929.11 and 2929.12. *Young* at ¶ 6, citing *State v. Neal*, 4th Dist. Lawrence No. 14CA31 & 14CA32, 2015-Ohio-5452, ¶ 59.

**{¶11}** Consequently, after our review of the record, we believe that appellant's sentence is not clearly and convincingly contrary to law.  Accordingly, we hereby overrule appellant's first assignment of error.

                                II.

**{¶12}** In his second assignment of error, appellant asserts that his sentence should be set aside because the trial court did not provide proper post-release control notifications at sentencing.

Appellant argues that the trial court gave a "partial but incomplete notification" about post-release control, informed him he would be on post-release control for five years upon his release from confinement and advised him that a post-release control violation could result in him being returned to prison for up to one half of his original sentence. Appellant argues, however, that the court did not advise him that if convicted of a new felony, the trial court could terminate post-release control and impose a prison sentence of one year or however much time that remains on his post-release control, whichever is greater. R.C. 2929.141.

{¶13} Appellant does acknowledge that R.C. 2929.19 does not require notification of the consequences for committing a new felony while on post-release control, but contends that the Supreme Court of Ohio has stated that the offender at sentencing must be advised of the consequences for violating post-release control. *State v. Bates*, 167 Ohio St.3d 197, 2022-Ohio-475, 190 N.E.3d 610, ¶ 11.

{¶14} "At its core, post[-]release control is a sanction; it is an additional term of supervision after an offender's release from prison that imposes certain restrictions on the offender and, if violated, it allows the [adult parole authority] to impose conditions and consequences, including prison time, upon the

ADAMS, 22CA1157

offender." *Bates*, ¶ 21, citing R.C. 2967.01(N). Post-release control aims to modify the offender's behavior and facilitate the offender's safe reintegration into the community. *Id.*, citing *Woods v. Telb*, 89 Ohio St.3d 504, 512, 733 N.E.2d 1103 (2000); *State v. Lopez*, 10th Dist. Franklin No. 21AP-690, 2022-Ohio-2302, ¶ 11.

{¶15} A statutorily compliant imposition of postrelease control requires a trial court to advise a defendant of three things at the sentencing hearing and in the sentencing entry: "(1) whether postrelease control is discretionary or mandatory, (2) the duration of the postrelease-control period, and (3) a statement to the effect that the [APA] will administer the postrelease control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of postrelease control will subject the offender to the consequences set forth in that statute." *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 1, *overruled on other grounds by Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248; *Gray* at ¶ 13. "[A]ny error in the exercise of [the court's] jurisdiction in imposing postrelease control renders the court's judgment voidable, permitting the sentence to be set aside if the error [is] successfully challenged on direct appeal." *Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, at ¶ 4.

{¶16} In the case sub judice, appellant pleaded guilty to one count of unlawful sexual conduct with a minor (with a finding that the offender is ten or more years older than the victim) in violation of R.C. 2907.04(A), a third-degree felony. Under R.C. 2967.28(B) and (C), the trial court was required to inform appellant at his sentencing hearing that post-release control is part of his sentence. Effective September 30, 2021, under amended R.C. 2967.28(B) and (C), an offender convicted of a felony sex offense is subject to a five-year post-release control term. Here, the court sentenced appellant after the effective date of amended R.C. 2967.28(C) and properly imposed a mandatory five-year post-release control term. As for notifications, the sentencing transcript reflects the following:

> COURT: The prison sentence that I'm gonna find is appropriate is 30 months, and that will be the stated prison term in this case. The term of post-release control will be mandatory for a term of five years upon your release [from] prison. Uh, Mr. Daniels, if you violate any of the conditions of supervision by the parole board, the parole board may impose more restrictive sanctions. They may impose longer control sanctions up to the maximum of five years, or they may order that you serve an additional prison term of up to one half of the stated prison term that I'm opposing [sic. imposing] today. * * * So, I went through post release control, I believe already mandatory for five years.

In the accompanying September 22, 2022 sentencing entry, the trial court stated in part:

ADAMS, 22CA1157

The Court has further notified the defendant that post release control is Mandatory in this case for a maximum of Five (5) years. If the defendant violates a Post Release Control Sanction or any condition imposed by the Parole Board under Revised Code Section 2967.28, the Parole Board may impose a more restrictive sanction, a prison term not to exceed nine (9) months, for each violation, or a maximum cumulative prison term for all violations not to exceed one-half of the stated prison term originally imposed. If the violation is a new felony, defendant may receive a prison term of the greater of one year, OR the time remaining on post release control, **IN ADDITION AND/OR CONSECUTIVE** to any other prison term imposed for the new offense. The defendant is ordered to serve as part of this sentence any term of post release control imposed by the Parole Board, and any prison term for violation of that post release control.

{¶17} The Supreme Court of Ohio has instructed that, once a court orally provides all the required advisements at the sentencing hearing, it must incorporate them into the sentencing entry. *Bates* at ¶ 12, citing *Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 8*, overruled on other grounds by Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248. In *Harper*, the court clarified that "[w]hen a case is within a court's subject matter jurisdiction and the accused is properly before the court, any error in the exercise of that jurisdiction in imposing postrelease control renders the court's judgment voidable." *Id.* at ¶ 4.

{¶18} Here, appellant concedes that neither R.C. 2929.19 nor the Supreme Court of Ohio require notification of the consequences

for committing a new felony while on post-release control. Yet, appellant asserts that, because the court in *Bates* made it clear that a trial court must advise an offender at sentencing of the consequences of a post-release control violation, this court should conclude that trial courts must give the R.C. 2929.141 notification.

**{¶19}** Appellee, however, cites *State v. Mozingo*, 2016-Ohio-8292, 72 N.E.3d 661 (4th Dist.) for the proposition that R.C. 2929.141 is *not* a mandatory statutory provision required at sentencing. In *Mozingo,* the trial court did not inform the defendant that a prison term imposed for the commission of a new felony committed during the period he was on post-release control would be served consecutively to the prison term for the violation of post-release control. *Id.* at ¶ 7. We held that "R.C. 2929.141(A) does not require that the trial court in the original sentencing context to notify a defendant that a court sentencing the defendant for a subsequent crime can impose additional sanctions for the violation of post-conviction relief [sic. post-release control] the defendant of the potential penalties at sentencing." *Id.* at ¶ 29.

**{¶20}** In *State v. Gordon*, 153 Ohio St.3d 601, 2018-Ohio-1975, 109 N.E.3d 1201, the Supreme Court of Ohio acknowledged that R.C.

ADAMS, 22CA1157

2929.141(A)(1) and (2) do not require courts to notify an offender of the penalty provisions contained therein, but also addressed the question of whether R.C. 2929.19(B)(2)(e) requires a court to notify an offender at the initial sentencing hearing that under R.C. 2929.141(A)(1) and (2) a felony committed during post-release control and imposition of a separate prison term may be served consecutively to the prison term imposed for the later felony. The court held:

> R.C. 2929.19(B)(2)(e) sets forth one of the notification duties that trial courts have at sentencing hearings. R.C. 2929.19(B)(2)(e) unambiguously requires that the court notify the offender that if the offender violates postrelease control, the parole board may impose a prison term of up to one-half of the stated prison term originally imposed upon the offender. R.C. 2929.19(B)(2)(e) does *not* impose any other notification requirement on trial courts. (Emphasis added.)

*Id.* at ¶ 11.

**{¶21}** Thus, *Gordon* concluded that R.C. 2929.19(B)(2)(e) does not require at the initial sentencing hearing a court provide notification to an offender of the penalty provisions contained in R.C. 2929.141(A)(1) and (2). *Id.* at ¶ 13. Therefore, we conclude that in the case sub judice the trial court provided proper post-release control notifications at sentencing.

**{¶22}** Accordingly, for all of the foregoing reasons, we overrule appellant's second assignment of error and affirm the

ADAMS, 22CA1157

trial court's judgment.

JUDGMENT AFFIRMED.

ADAMS, 22CA1157

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted.  The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Hess, J.: Concur in Judgment & Opinion

For the Court

BY:_____
          Peter B. Abele, Judge


NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.